Wilson *v.* Carrico.

---

## WILSON *v.* CARRICO.

[No. 19,184.    Filed December 12, 1900.]

DEEDS.—*Taxes.— Redemption.— Quieting Title.—* Grantor conveyed certain real estate, retaining a life interest therein. Two years thereafter he conveyed the same real estate to appellee, subject to a life estate, binding appellee to make repairs and pay taxes. The former grantee conveyed the real estate to appellant, who never had possession of the land, but paid the taxes thereon for ten years, when he allowed same to become delinquent, and furnished his brother with money to purchase same at tax sale, which he did, and took the title in his own name, and afterward conveyed the land to appellee, returning part of the purchase money to appellant. All of the deeds were duly recorded within the time allowed by law except the deed to appellee, which was not recorded for sixteen years. The original grantors retained possession of the real estate until a short time before appellant brought suit to quiet title. *Held,* that the tax sale and deed vested the title in appellee, and that the same could not be assailed by appellant.    *pp. 571-575.*

APPEAL AND ERROR.—*Evidence.—* Available error cannot be predicated upon the action of the court in excluding evidence, where the offer to prove was not made until after the objection was made and sustained.    *p. 571.*

From the Sullivan Circuit Court.    *Affirmed.*

Wilson v. Carrico.

*John S. Bays,* for appellant.
*John T. Hays,* for appellee.

MONKS, J.—Action by appellant against appellee to recover possession of and quiet title to the real estate described in the complaint. This is the second appeal by appellant. *Wilson* v. *Carrico,* 140 Ind. 533.

The errors assigned call in question each conclusion of law and the action of the court in overruling appellant's motion for a new trial.

It appears from the special finding that Bazzle Carrico was the owner in fee simple of the lands in controversy. On November 18, 1867, Bazzle Carrico and wife, for a consideration of $150, executed a deed conveying said lands to Elza Carrico, subject to the life estate of the grantors. November 5, 1869, said Bazzle Carrico and wife executed a deed for the same lands to appellee, subject to the life estate of the grantors. This deed was made subject to the following condition contained therein: "The aforesaid Benjamin Carrico binds himself to keep the land and farm in good repair, and to pay the customary rent and the tax on the land from this date, and furnish fire-wood, and do milling and other necessary favors that the old people may need." On March 9, 1870, Elza Carrico and wife, for a consideration of $150, executed a deed for said lands to appellant, subject to the life estate of Bazzle Carrico and wife. Elza Carrico and wife were living with Bazzle Carrico, the father of said Elza, on November 18, 1867, when said deed was executed to said Elza. At the time of the execution of said deed by Elza Carrico and wife to appellant said Elza and wife had removed from Sullivan county, where they resided when said deed was made, and appellee was then in possession of said lands. Bazzle Carrico remained upon and occupied said real estate, until his death on September 6, 1872, and his wife remained upon and occupied said real estate thereafter until her death on January 11, 1892. Appellant never had possession of said lands,

but paid the taxes thereon from 1870 to 1880.  During the year 1881, and at all times since, appellant has been a non-resident of the State, having resided in the states of Kansas and Tennessee.  In 1880, by advice of counsel, appellant did not pay the taxes for 1881 and 1882, and the same became delinquent.  In 1883 said real estate was sold for said delinquent taxes by the treasurer of Sullivan county to Edgar T. Wilson, a brother of appellant, for $35, which sum was furnished by appellant to his brother to purchase said real estate at said tax sale.  That said real estate was not redeemed from said tax sale at any time, and afterwards, on March 24, 1885, the auditor of said county executed a deed for said real estate to said Edgar T. Wilson, which was duly witnessed by the county treasurer, and duly acknowledged and recorded.  Afterwards, on May 28, 1886, said Edgar T. Wilson and wife, without the knowledge of appellant executed a quitclaim deed for said real estate to appellee, in consideration of which appellee paid said grantor $60, which sum said Edgar T. Wilson paid to appellant who still retains the same.  That all of the deeds mentioned were duly recorded within the time fixed by law, except the deed from Bazzle Carrico and wife to appellee, which was not recorded until sixteen years after its execution.  Appellant has never executed any deed for said real estate to any one, but has continuously claimed to own the same since he received the deed for said real estate from Elza Carrico and wife.

This action was commenced March 8, 1893.  The final judgment which followed the conclusions of law was that appellant take nothing by this suit, and that appellee recover from appellant his costs.  It is first insisted by appellant that he is entitled to recover on the facts found, and that, therefore, the conclusions of law are erroneous.  Appellant must recover, if at all, upon the strength of his own title.

None of the deeds executed by Bazzle Carrico and wife

purported to give the grantee therein any right to possession until after his death. The first time that the grantee in any of said deeds was entitled to possession of the real estate therein described was after the death of said grantor's wife in 1892. The deed executed to Elza Carrico in 1867 was valid, and conveyed to him the real estate in controversy, subject to the life estate of the grantors. Appellee had constructive if not actual notice of this deed, for the reason that it was duly recorded within the time required by law. It follows, therefore, that the deed made in 1869 to appellee for said real estate, subject to the life estates of the grantors, conveyed no title therein to appellee, for the reason that the real estate described had been conveyed to Elza Carrico in 1867. The condition subsequent contained in the deed to appellee, that he should keep said land in good repair and pay the taxes thereon, was, therefore, without any consideration. It is true that the finding shows that appellee was in possession of said real estate on the day Elza Carrico and wife executed a deed therefor to appellant, but when, how, or under whom appellee held possession is not stated; it is also found that Bazzle Carrico lived upon and occupied said real estate until his death, and that his wife lived upon and occupied said real estate until her death. There is no finding, however, that appellee was in possession of said real estate when said taxes became delinquent, or when the land was sold for delinquent taxes, or when he received the quit-claim deed therefor from Edgar T. Wilson and paid him the consideration therefor, or that he was under any duty or obligation to any one to pay said taxes at that time.

Appellant having the burden of proof, nothing in his favor can be added by inference or intendment. The duty, if any, of the life tenants to pay the taxes on said land rested upon Bazzle Carrico and wife, who were the owners thereof. Appellee was under no obligation or duty to appellant to pay the taxes on said land. He had a legal right to purchase the same at tax sale or otherwise. The tax sale and

deed to Edgar T. Wilson were made under the tax law of 1881, and the tax deed, therefore, *prima facie* vested in him a good and valid title to said land (*Doran* v. *Lupton,* 154 Ind. 396, *Richard* v. *Carrie,* 145 Ind. 49), and the quitclaim deed from said Wilson to appellee vested in appellee the same kind of title. It is true, that it is found that appellant furnished his brother, Edgar T. Wilson, the money to purchase said land at tax sale, and that appellant received the money paid by appellee for said quitclaim conveyance to him, but it is not found that appellee had any notice or knowledge of said facts. His rights were the same as if Edgar T. Wilson had purchased said land with his own money and on his own account. Under the facts found, the conveyance of said real estate by Edgar T. Wilson, who held the tax deed therefor, to appellee, was not a payment by appellee of the delinquent taxes for which the land was sold, or a redemption by him from said tax sale.

It is clear that appellant cannot assail the title appellee holds under said tax deed, so long as he retains the purchase money paid by appellee. It is evident that no conclusions of law could have been correctly stated upon the facts found that would have entitled appellant to recover in this action.

It is next insisted by appellant that the special findings are not sustained by sufficient evidence, and are contrary to law. One of the reasons given for this contention is that the evidence of Edgar T. Wilson shows that appellee merely intended "to release said land from the tax deed to pay the delinquent taxes". The evidence relied upon is in substance as follows: "Ben Carrico [appellee] proposed to pay me back the purchase money with interest and cost added. He paid me back the principal with interest and the penalty, and I released my claim, and that was all there was of it. I made the deed so as to release all my claim, and got $60 for it, and sent a part to my brother, and paid the other on expenses here. I was acting for my brother, doing business for him." This evidence falls far short of showing a re-

demption of the land from tax sale, or that it was intended by said transaction merely to pay the delinquent taxes on said land.  Said evidence considered in connection with said deed executed by Edgar T. Wilson and wife to appellee shows a sale and conveyance of a *prima facie* good and valid title to said real estate.

What we have said concerning the correctness of the conclusions of law disposes of all the other reasons urged by appellant in support of the contention that the evidence is not sufficient to sustain the findings and that the same are contrary to law.

The exclusion of evidence offered by appellant is complained of as error.  The bill of exceptions shows in each instance that counsel for appellant propounded a question to the witness, that appellee by counsel objected, and the court sustained the objection.  After this adverse ruling by the court, counsel for appellant made his offer to prove, which was refused by the court, and there was an exception by appellant.  It is established in this State that such procedure raises no question as to the admissibility of the proposed testimony.  The reason therefor is fully stated in *Gunder* v. *Tibbitts,* 153 Ind. 591, 607, 608.  The following cases declare the same rule:  *Shenkenberger* v. *State,* 154 Ind. 630, 634, 635, and cases cited; *Siple* v. *State,* 154 Ind. 647, 651, 652, and cases cited; *Whitney* v. *State,* 154 Ind. 573, 579, 580, and cases cited; *Deal* v. *State,* 140 Ind. 354, 371, 372, and cases cited; *Judy* v. *Citizen,* 101 Ind. 18, 22.

Judgment affirmed.