## JOLLIFFE *v.* CRAWFORD ET AL.

[No. 10,866.   Filed October 4, 1921.]

1. MORTGAGES.— *Foreclosure Sale.— Redemption by Judgment Creditor.*—The right of a judgment creditor of the owner of property sold by the sheriff to redeem, to subject the lands to resale under a writ of *venditioni exponas,* and the sheriff to execute a deed to the purchaser a such sale is governed entirely by statute (§814 *et seq.* Burns 1914, §771 *et seq.* R. S. 1881), and one claiming a right under the statute must bring himself clearly within its terms.   p. 286.

2. MORTGAGES.—*Foreclosure Sale.—Redemption.—Right of Party to Foreclosure Judgment to Redeem.*—Where the judgment in a proceeding to foreclose a mortgage fixed the priorities of incumbrances on the mortgaged land and determined the amount due to the incumbrancers, the assignee of a mortgagee whose rights were so fixed could not redeem from the sale under such judgment, under §814 Burns 1914, §771 R. S. 1881, giving a judgment creditor of owner of land sold in foreclosure proceedings the right to redeem in absence of redemption by owner.   p. 286.

3. QUIETING TITLE.—*Equitable Nature of Action.*—A suit to quiet title, though triable by jury, is ruled by equitable principles.   p. 288.

4. QUIETING TITLE.—*Right to Relief.—Action Against Redemptioner Obtaining No Benefit from Redemption.*—Where the assignee of a mortgagee whose rights, together with those of other incumbrancers, were fixed by a judgment rendered in a foreclosure proceeding, redeemed the land from the foreclosure sale by payment of the proper amount to the sheriff and acceptance thereof by the purchaser at the foreclosure sale, and such assignee purchased the land on resale under a writ of *venditioni exponas,* but failed to obtain legal title because he had no right

to redeem under §814 Burns 1914, §771 R. S. 1881, equity will not quiet the owner's title as against such assignee without requiring him to do equity by reimbursing the assignee. p. 289.

From Johnson Circuit Court; *Nathan A. Whitaker*, Special Judge.

Action by John E. Jolliffe against Robert L. Crawford and others, in which the defendant named filed a cross-complaint. From the judgment rendered, the plaintiff appeals. *Reversed.*

*R. M. Miller, H. C. Barnett* and *O. S. Barrett*, for appellant.

*George I. White* and *Fred R. Owens*, for appellees.

ENLOE, C. J.—This was an action by appellant against the appellee to quiet the title to certain real estate in Johnson county. The appellee Crawford filed answers and also his cross-complaint against the appellant and his wife alleging that he was the owner of the land in controversy and asking that his title be quieted.

The cause was tried by the court and a decree entered, denying any relief to appellant, and quieting the title of appellee Crawford, in and to said lands as prayed for in his complaint.

The facts of the case, as shown by the record, are as follows: In 1913 the appellant was the owner of the lands in question, and on November 5, of that year executed to the Farmers Trust Company, his wife joining therein, a mortgage on said lands to secure a note for $3,000. On November 24, 1914, appellant and his wife executed to one Martin V. Strickler, a second mortgage on said real estate, to secure a note for $284. In October, 1916, said Strickler began suit to foreclose his said mortgage, making the said Jolliffe, said trust company, and other persons who were then judgment creditors of Jolliffe, parties defendants thereto. The

said trust company filed its cross-complaint asking for the foreclosure of its said mortgage and for all proper relief. There was a trial and a finding as to the indebtedness due the several parties, followed on April 14, 1917, by a decree fixing their priorities, and ordering the lands sold, "and that the equity of redemption of all the defendants to the cross-complaint of the Farmers Trust Company of Franklin, Indiana, namely, John E. Jolliffe, Clara Jolliffe, Martin V. Strickler, Ed Williams, * * *, and all persons claiming from, under, or through them, * * *, be forever barred and foreclosed."

Afterwards on May 16, 1917, the Farmers Trust Company, by its attorneys, filed a praecipe with the clerk for the issuance of an execution and order of sale upon said decree, and such proceedings were thereafter had that the said lands so mortgaged were, by the sheriff of said county after due notice given, sold on July 28, 1917, to one Otto J. Swain, and a certificate of purchase duly executed to said purchaser.

It further appears that said Strickler, on June 27, 1917, sold and transferred to appellee Crawford his judgment obtained as aforesaid, and that on July 27, 1918, said Crawford deposited with the clerk of said court an amount of money sufficient to redeem said lands from said sale, and that on July 30, 1918, said Swain received and accepted said money so deposited with said clerk, "in full redemption of the annexed sale of real estate."

It further appears that said Crawford, at the time he so deposited said money with said clerk to redeem said lands from said sale, filed with said clerk his affidavit as required by §815 Burns 1914, §772 R. S. 1881; that thereafter a writ for the resale of said lands was duly issued by the clerk and delivered to the sheriff of said county, who, after having duly advertised, resold said

lands under said writ on May 24, 1919, and appellee Crawford became the purchaser thereof and received a sheriff's deed therefor; that the appellant, Jolliffe, never redeemed said lands or any part thereof, from the sale so made by the sheriff on July 28, 1917.

The issues in this case having been tried by the court there was a finding against the appellant upon the issues tendered by his complaint, and a finding in favor of appellee Crawford upon the issues tendered by his cross-complaint. The decree quieted title of appellee Crawford in and to said lands as against appellant. There was a motion for a new trial based upon the grounds (a) That said decision was not sustained by sufficient evidence; (b) that said decision was contrary to law. This motion having been overruled this appeal followed, and the action of the court in overruling said motion is the only error assigned.

It will be noted that the original sale took place July 28, 1917, and that the appellant never redeemed or attempted to redeem said lands from said sale.

The questions presented by this appeal are two, viz.: (a) The legal effect, if any, of said second sale; and (b) the right of the appellant Jolliffe, under the facts of this case, to have his title to said lands quieted.

In considering the legal effect of said second sale, the first question which presents itself is, Did Crawford have any right to redeem from said sale under said decree of foreclosure? In *Horn* v. *Bank* (1890), 125 Ind. 381, 25 N. E. 558, 9 L. R. A. 676, 21 Am. St. 231, it was said: "As the law contemplates a final decree adjusting all rights and equities, and as such a decree was rendered in the foreclosure suit involved in this case, it necessarily results that a sale upon that decree, was a sale upon all the judgments embodied in it. This being true, it must also be true, that none of the claimants in whose favor a judgment was incorporated in the decree

of the court can redeem from the sale made on the decree."

In 16 R. C. L. 12, §8, it is said: "If the jurisdiction to order or conduct a judicial sale is conferred or limited by statute, particularly if it be a special jurisdiction or power to sell, the provisions of the statute must be strictly followed and the sale is void if ordered, conducted or confirmed in a manner or upon terms other than those prescribed thereby."

In the case now under consideration the authority to redeem, to subject the said lands to a resale under writ of *venditioni exponas,* and the sheriff to execute a deed to the purchaser at such sale, are each and all matters of statutory regulation. There is no authority in the absence of the statute, and one claiming a right under this statute, must bring himself clearly within its terms. This the appellee Crawford has not done. He has shown no right, in himself, to have said lands resold. He had no junior lien upon said lands at the time he redeemed the same as required by §814 Burns 1914, §771 R. S. 1881, and therefore no right to have said lands resold. Such resale being without authority of law, the said sheriff's deed executed by the sheriff to Crawford as the purchaser of said lands thereat, conferred no *legal* title upon said Crawford, in and to said lands. It therefore necessarily follows that the facts stated by said Crawford in his cross-complaint were not sufficient to entitle him in this action, to have his title to said lands quieted, and the court erred in so doing.

Was the appellant, Jolliffe, under the facts of this case, entitled to have a decree in his favor quieting his title in and to said lands, as against appellee Crawford? On July 27, 1918, at the time said money was paid to the clerk of the court, the appellant was the owner of the lands in question. The legal title thereto was in

him. Swain, who had purchased the said lands at the sheriff's sale on July 28, 1917, then held the certificate of purchase, and was the owner of the inchoate right; the right to have the legal title transferred to and vested in himself upon the expiration of the time for redemption from said sale and his presenting his certificate of purchase to the sheriff, in conformity to the statute. He had invested his money in this sale, and, at the time in question, the said land was burdened with his claim, as against appellant, in the sum of $2,646, the amount necessary to redeem from said sale. When the appellee Crawford deposited this money with the clerk, he was attempting to redeem from said sale, for his own benefit, to protect as he thought, his own interest as the holder of the second judgment. He was not a "stranger to the proceedings," and cannot be considered as a mere volunteer. Though he had no legal right to redeem said lands, yet, when Swain the purchaser accepted said money so deposited with the clerk by Crawford, "in full of the redemption of the annexed sale of real estate," the redemption, as said in *Hervey* v. *Krost* (1888), 116 Ind. 268, 19 N. E. 125, "thereby became an accomplished, indisputable fact." The said sale on foreclosure, and all rights of the purchaser thereat, were thereby wiped out. The land was now left, so far as the parties to said foreclosure proceedings were concerned, free and clear of all former liens.

The contention of the appellant in this case is, that the act of Crawford in paying said money to the clerk and the acceptance of the same by Swain was, as far as he is concerned, legally sufficient to, and did work a redemption from said foreclosure sale and thereby free the said lands from the right and claim of said Swain, and discharge a burden then and theretofore resting upon the appellant, yet, as Crawford had no right to redeem said lands and no right to have said lands re-

sold, he the appellant, is now entitled to reap the benefit of Crawford's said act; to take the premises free and clear of all of said claims, and without in any manner reimbursing said Crawford for the money so paid, and to have his title quieted as against him.

A suit to quiet title, though triable by jury, is ruled by equitable principles. *Cassell* v. *Lowrey* (1904), 164 Ind. 1, 72 N. E. 640. The appellant went into 3. a court and asked for equitable relief and invoked the powers of the court, as a court of equity.

In Freeman, Void Judicial Sales (4th ed.) §49a it is said: "We understand the decisions in several of the States to affirm that a defendant in an action of ejectment may show in his defense that he purchased the property at an execution or judicial sale, or that the amount of his bid was applied to the extinction of some valid claim or lien, and such showing being made, the court will not render judgment for possession, though the sale was void, until the purchaser has been reimbursed the amount so paid," citing among other authorities, *Wilmore* v. *Stetler* (1894), 137 Ind. 127, 34 N. E. 357, 36 N. E. 856; and *Davis* v. *Gaines* (1881), 104 U. S. 386. See also, Kleeber, Void Judicial and Execution Sales §471.

Pomeroy, Equity Jurisp. (3rd ed.) §385, speaking of the maxim that, "he who asks equity must do equity," says: "This maxim expresses the governing principle that every action in a court of equity, in determining rights and awarding remedies, must be in accordance with conscience and good faith. In its broadest sense it may be regarded as the foundation of all equity, as the source of every doctrine and rule of equity jurisprudence; since it is undeniable that courts of equity do not recognize and protect the equitable rights of litigant parties, unless such rights are, in pursuance of the set-

tled judicial notions of morality, based upon conscience and good faith. * * * The meaning is, that whatever be the nature of the controversy between two definite parties, and whatever the nature of the remedy demanded, the court will not confer its equitable relief upon the party seeking its interposition and aid, unless he has acknowledged and conceded, or will admit and provide for, all the equitable rights, claims, and demands justly belonging to the adversary party, and growing out of, or necessarily involved in the subject matter of the controversy."

The appellant has received the full benefit of the money paid. At the inception of the matters in controversy, the land, which he now seeks, was en-
4. cumbered by two mortgages, securing debts owed by him. They were his debts. They have now been wiped out. The appellee is the one who actually paid the money by which they were fully and finally satisfied and discharged. The appellant now seeks to avail himself of the benefit of such payment without rendering anything in return. Equity and good conscience require that he shall do equity by paying, or at least offering to pay to the extent of the benefit received, before demanding that his title be quieted. *Fisher* v. *Bush* (1892), 133 Ind. 315, 32 N. E. 924. The appellee Crawford, by his redemption in the manner aforesaid, and the wiping out of the certificate of purchase then held by Swain, has acquired an equity in and to said property which a court of equity cannot ignore or refuse to enforce when presented in a proper manner. Although the trial court did not err upon the pleadings and the case made in refusing to quiet the title of the appellant, yet, this court is of the opinion that justice will be best promoted by reversing the case generally.

VOL. 76—19

The cause is therefore reversed, with directions to the trial court to set aside said decree and with leave to the parties to amend their pleadings if they so desire, and for further proceedings.