DIPPLE, APPELLANT, *v.* NEVILLE ET AL., RESPONDENTS.

(No. 6,287.)

(Submitted April 3, 1928. Decided April 20, 1928.)

[267 Pac. 214.]

*Quieting Title—Mortgages—Redemption—Rights of Judgment Debtor, Purchaser and Redemptioner—Statutes—Liberal Construction.*

Real Property—Mortgage Foreclosure—Equity of Redemption—Right of Redemption—Distinction.
1. Under the equity of redemption, as distinguished from the statutory right to redeem which latter comes into existence only after sale on foreclosure, a mortgagor of real property, as well as a junior mortgagee or holder of a lien against the property, may pay the mortgage debt between the time of default by the mortgagor and foreclosure, and thus relieve it from the lien of the mortgage.

Same—Sale on Foreclosure—Certificate of Sale a Conveyance—Legal and Equitable Title Passes to Purchaser Subject to Redemption, by Whom.
2. A sheriff's certificate of sale on foreclosure issued to the purchaser is a conveyance within the meaning of the Recording Act; by virtue of the sale the legal and equitable title of the mortgagor passes to the purchaser and there remains in the former the more personal privilege of redeeming within the statutory period, such right to redeem being also accorded, under section 9442, Revised Codes 1921, to a redemptioner, i. e., a creditor having a lien by judgment, mortgage or attachment subsequent to that on which the property was sold.

Same—Effect of Redemption by Judgment Debtor or Successor in Interest and by a Redemptioner.
3. A redemption from foreclosure of mortgaged real property by the judgment debtor (mortgagor) or his successor in interest terminates the effect of the sale, restores one or the other to his estate and restores junior liens, wiped out by the sale; but a redemption by a redemptioner (a creditor) transfers to him the rights of the purchaser under the sale, and at the expiration of all periods of redemption he is entitled to a sheriff's deed on the original certificate of sale.

Same—Holder of Inferior Lien must Redeem, not Foreclose—Reason.
4. The holder of a second mortgage or other inferior lien on property the first mortgage on which was foreclosed must, to save himself from loss, resort to the process of redemption and not to

---

1. See 18 Cal. Jur. 215.
3. Lien intervening that under which property was sold and that under which it was redeemed as affected by the redemption, see note in 26 A. L. R. 435. See, also, 18 Cal. Jur. 220. Subordinate lien as affected by redemption by owner or his grantee from sale under prior lien, see note in 5 A. L. R. 145.

[82 Mont. 280.]

foreclosure of his lien, since such second mortgagee, made a party to the first foreclosure proceeding on which a sale was had, has no lien on which to base a subsequent foreclosure, the debtor being then without equity of redemption and his statutory right of redemption not being subject to foreclosure.

Same—Redemption by Stranger—Effect of Acceptance of Redemption Money.

5.   Where one not entitled to redeem nevertheless does so, and the person entitled to the redemption money accepts and retains it, the latter's rights are terminated, and he who does the redeeming becomes a redemptioner for all purposes and holds the property subject to further redemption by others.

Same—Case at Bar.

6.   Under the last above rule, *held*, that where a second mortgagee instead of having recourse to redemption from sale under foreclosure by the first mortgagee, first foreclosed his mortgage and thus lost his right to redeem, but thereafter redeemed from the purchaser bank at the first sale, he again became a redemptioner in his own interest with rights antagonistic to that of the debtor (mortgagor) and not the latter's successor in interest, the only effect of the decree in his foreclosure proceeding, if valid, having been the warranting of entry of judgment against the mortgagor on his debt.

Same—Redemption—Regularity—Who Only may Question.

7.   The purchaser of real property on foreclosure sale or the person holding the sheriff's certificate of sale and the person redeeming are the only parties concerned in the regularity of a redemption; therefore, since the judgment debtor may redeem either from the purchaser or the redemptioner, it should be immaterial to him whether the purchaser holds the title or parts with it by reason of a voluntary assignment of the certificate of sale or by redemption by one entitled to redeem or by one who, though not a redemptioner becomes one by acceptance of the redemption money proffered by him.

Same—Redemption Statutes—Liberal Construction.

8.   Redemption statutes, being remedial in character, must be liberally construed.

Same—Assignee of Junior Mortgage Substituted to Rights of Redemptioner.

9.   *Held*, under the above rules, that where three mortgages had been placed on real property, the first and third held by the same party, and after foreclosure of the first, the second mortgagee, after also foreclosing, redeemed the property from the first sale under circumstances recited in paragraph 6 above, further redemption by the assignee of the third mortgage was valid, the assignee being substituted to the rights of the second mortgagee with the right to receive the sheriff's certificate.

Same—Notice of Redemption—Surplusage—Effect on Right to Redeem.

10.   A redemptioner need not state in his notice of redemption the capacity in which he redeems, and an erroneous recital in that respect does not affect the rights of others entitled to redeem.

---

7.   May a purchaser or mortgagee from the original owner, after a sale under a prior mortgage and during the redemption period, be a redemptioner, see note in 29 L. R. A. (n. s.) 508.

Same—Estoppel by Deed—When not Available.

11. Since a person is presumed to know the law, he may not rely on estoppel by reason of an erroneous statement of the law in an instrument; nor may he do so where the truth is apparent on the face of an instrument which otherwise works an estoppel, but his opponent may show the facts as they existed; and under that rule a redemptioner was not estopped from showing in an action to quiet title that he held as such instead of as a successor in interest of the mortgagor, as mistakenly recited in the notice and certificate of redemption.

Same—Redemption by Judgment Debtor—One-year Period of Limitation not Affected by Any Act of Redemptioner.

12. The right of redemption may be invoked only by compliance with the statutory provisions; under them the judgment debtor may redeem from foreclosure at any time within one year from the date of sale, and this period of limitation cannot be shortened by any action of a redemptioner; on the other hand, on the expiration of the one-year period his right of redemption ceases and he is in no position thereafter to question the title of a redemptioner who acted within the time given him by the statute.

---

[1] Mortgages, 41 C. J., sec. 901, p. 789, n. 6.

[2] Mortgages, 42 C. J., sec. 2080, p. 352, n. 91, sec. 2116, p. 368, n. 89; sec. 2147, p. 383, n. 55. Records, 34 Cyc., p. 588, n. 39.

[3] Mortgages, 42 C. J., sec. 2292, p. 448, n. 47, 51; sec. 2294, p. 451, n. 85.

[4] Mortgages, 42 C. J., sec. 2137, p. 377, n. 2.

[5] Mortgages, 42 C. J., sec. 2137, p. 377, n. 4.

[6] Mortgages, 42 C. J., sec. 2092, p. 358, n. 23; sec. 2144, p. 380, n. 90.

[7] Mortgages, 42 C. J., sec. 2081, p. 353, n. 17.

[8] Mortgages, 42 C. J., sec. 2099, p. 362, n. 21.

[9] Mortgages, 42 C. J., sec. 2208, p. 409, n. 33.

[10] Estoppel, 21 C. J., sec. 96, p. 1102, n. 49. Evidence, 22 C. J., sec. 85, p. 148, n. 67.

[11] Mortgages, 42 C. J., sec. 2159, p. 391, n. 78; sec. 2205, p. 407, n. 96.

*Appeal from District Court, Toole County; John J. Greene, Judge.*

ACTION by Andrew E. Dipple against John T. Neville and others. From a judgment of dismissal, plaintiff appeals. Affirmed.

*Mr. William Black* and *Messrs. Hurd, Rhoades, Hall & McCabe,* for Appellant, submitted an original, a reply and a supplemental brief; *Mr. Cleveland Hall* argued the cause orally.

---

12. Power of court on equitable grounds to permit redemption from mortgage foreclosure sale after expiration of statutory period of redemption, see note in L. R. A. 1917E, 637. See, also, 19 R. C. L. 507.

*Messrs. Harris & Hoyt* and *Messrs. Cooper, Stephenson & Hoover*, for Respondents, submitted an original and a supplemental brief; *Mr. W. H. Hoover* argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

Appeal from a judgment of dismissal, in an action to quiet title to certain lands in Toole county, entered on an order sustaining a demurrer to the complaint and denying plaintiff the right to amend or plead further.

It will not be necessary to set out the allegations of the complaint at length, as the question presented is whether, on the admitted facts, the complaint did, or could, state a cause of action as a matter of law. For the purpose of brevity and clarity a mere skeleton of the facts alleged will suffice.

Dipple, the owner of the land, executed at least three mortgages thereon, the priorities of which are in the order given: (1) To Mohall State Bank, (2) to Hart-Parr Company, and (3) to Mohall State Bank, and in addition thereto caused, or permitted, other subsequent claims, leases and encumbrances to become liens against the land.

In 1921 Mohall State Bank foreclosed its first mortgage, making Dipple and Hart-Parr Company, with others, defendants, but did not mention its third mortgage or certain junior lienholders. On October 21, 1921, Mohall State Bank became the purchaser of the land on its foreclosure sale and received sheriff's certificate of sale, a duplicate of which was filed in the office of the clerk and recorder of Toole county.

In 1922 Hart-Parr Company foreclosed its second mortgage, making Dipple, Mohall State Bank, as holder of the third mortgage, and certain subsequent lienholders, parties defendant, and on October 6, 1922, it became the purchaser of the property at its foreclosure sale and received sheriff's certificate of sale, duplicate thereof being duly filed.

On October 20, 1922, Hart-Parr Company paid to the sheriff for the Mohall State Bank the full amount of the first purchase

price of the property, with legal interest, and received from the sheriff a certificate of redemption. Both the notice of redemption and the certificate thereof recited that Hart-Parr Company redeemed the property as "successor in interest" of the judgment debtor, Dipple.

On December 14, 1922, Neville, as assignee of the third mortgage, redeemed from the Hart-Parr Company by paying to it $4,100, or the amount of its judgment, with the amount it had paid to redeem, and accrued interest, and thereafter secured a sheriff's deed to the premises of date February 21, 1923, which deed was duly recorded.

On August 13, 1923, and again on October 5, 1923, Dipple tendered to the sheriff of Toole county the sum of $4,100, with interest at one per cent per month from December 14, 1922, and demanded of and from him a certificate of redemption, and made like tender to and demand upon Neville, and to and upon Johnson and Moline, as trustees, each of whom refused to accept the tender or to recognize any right in Dipple to redeem.

All of the foregoing facts are alleged in the complaint and, in addition thereto, it is alleged that, when the Hart-Parr Company redeemed, plaintiff relied upon the recitation in the notice and certificate that it redeemed as successor in interest of the plaintiff and that such redemption set aside the first sale and extended his right of redemption for a period of one year from and after October 6, 1922. It is further alleged that "at the time of said attempted redemption the said Hart-Parr Company was not a creditor which had a lien by judgment, mortgage, or attachment * * * subsequent to that on which said property was sold by the said Hart-Parr Company." The complaint closes with the allegation that plaintiff has, at all times, been, and still is, able and willing to pay the amount of his tender to defendants and offers to keep the tender good and to do equity.

Plaintiff prays for an order directing defendants to execute a certificate of redemption and conveyance of the property to

[82 Mont. 280.]

him and for a decree canceling the sheriff's deed to Neville, and quieting title to the premises in plaintiff.

The complaint is drafted in conformity with the provisions of sections 9479 and 9480 of the Revised Codes of 1921, and properly so, as it alleges that the sheriff's deed to Neville is void, but constitutes a cloud upon plaintiff's title, as it is a matter of record that defendants claim some interest in the property adverse to plaintiff's title; but the primary purpose of the action is to compel defendants to permit plaintiff to redeem the premises from the original sale on foreclosure and from the redemptions thereafter made, and the invalidating of the sheriff's deed is sought merely for the purpose of clearing the way for redemption, as the actual relief sought.

The status and rights of the several parties to a mortgage and the changes effected therein by foreclosure and sale have heretofore been fairly well fixed and determined in this state by statute and judicial decision, but a solution of the questions presented by the demurrer to the complaint in the present case is complicated by situations not heretofore arising in our courts or mentioned in the statutes, particularly so by the action of Hart-Parr Company in prosecuting foreclosure proceedings after it had been made a defendant in the suit to foreclose the first mortgage and before it had redeemed the property from the sale under that proceeding. A disposition of the appeal will therefore require a careful review of each of the proceedings taken and a determination of the status and rights of the several parties involved herein at each milestone along the troubled course taken by the property through the courts and through the hands of the parties dealing with it.

1. Plaintiff alleges that he is the owner of the premises de-
[1]   scribed in his complaint. He *was* such owner up to the time of the foreclosure sale, as, in this state, a mortgage does not transfer any title to the property mortgaged (*Morrison* v. *Farmers & Traders' State Bank,* 70 Mont. 146, 225 Pac. 123), and only a complete foreclosure and sale can divest the owner of his title. Between the time of default and foreclosure of

the mortgage the owner of mortgaged premises has the same right to pay his mortgage debt and relieve his property from the lien of the mortgage as he had prior to default thereof, which right—"the equity of redemption"—grew up in equity independent of statute, in order to overcome the harsh rules of the common law. (27 Cyc. 1799.) This "equity" of redemption exists prior to foreclosure, also in a junior mortgagee or holder of a lien against the property. (*Spurgin* v. *Adamson,* 62 Iowa, 661, 18 N. W. 293.) The distinction between this equity of redemption and the statutory "right of redemption," which comes into existence only after sale on foreclosure, was clearly pointed out in *Banking Corporation* v. *Hein,* 52 Mont. 238, 156 Pac. 1085, and has been repeatedly declared in more recent decisions of this court.

As Mohall State Bank, in foreclosing its first mortgage, made [2] both Dipple, the owner, and Hart-Parr Company, as junior mortgagee, parties defendant therein, the "equity of redemption" was wiped out, both as to Dipple (sec. 9441, Rev. Codes 1921), and as to Hart-Parr Company (*Hamilton* v. *Hamilton,* 51 Mont. 509, 154 Pac. 717). The certificate of sale issued by the sheriff to Mohall State Bank is a conveyance, within the meaning of the Recording Act (*Citizens' National Bank* v. *Western L. & B. Co.,* 64 Mont. 40, 208 Pac. 893), and thereunder by virtue of the sale on foreclosure all of the title of Dipple, both legal and equitable, passed to Mohall State Bank, and there remained in him the mere personal privilege of redeeming within the time allowed by the statute (*Brown* v. *Timmons,* 79 Mont. 246, 256 Pac. 176, in which former decisions to the same effect are cited). Thereafter plaintiff had no title to the premises, but stood in a position similar to one who holds a contract to repurchase property sold, on certain and definite terms and within a fixed time. (*McQueeney* v. *Toomey,* 36 Mont. 282, 122 Am. St. Rep. 358, 13 Ann. Cas. 316, 92 Pac. 561.)

2. The statutory right of redemption is extended to two classes of persons: (1) The judgment debtor, the former owner

of the premises, or his successor in interest; and (2) any creditor having a lien by judgment, mortgage or attachment, subsequent to that on which the property is sold. (Sec. 9442, Rev. Codes 1921.)

While all persons falling within either class are, strictly speaking, redemptioners, that term is made to apply only to those falling within the second class by the express provisions of the statute, in order to differentiate between the two classes, and this distinction is strictly maintained throughout the provisions of our statutes, different time being prescribed for redemption, and different results being declared to flow from a redemption by the one or the other, a judgment debtor, or a redemptioner.

On the extinguishment of their equity of redemption, by sale, the right of redemption accrued to Dipple, as judgment debtor, and to Hart-Parr Company, as redemptioner, to be exercised by either within one year after the sale (Sec. 9443, Id.).

A redemption by a judgment debtor or his successor in [3] interest, would terminate the effect of the sale and restore him to his estate (sec. 9444, Id.), and, on such a redemption, the junior liens, wiped out by the sale, would be restored (*Hamilton* v. *Hamilton*, above), while a redemption by a redemptioner would have no such effect, but would operate to transfer to the redemptioner the rights of the purchaser under the sale (*Leonard* v. *Western*, 74 Mont. 513, 241 Pac. 523), so that at the expiration of all periods of redemption, no further redemptions being had, the redeeming redemptioner would be entitled to a sheriff's deed on the original certificate of sale (sec. 9444, Id.).

No question as to the validity of defendants' title and the [4] correctness of the judgment herein could arise had Hart-Parr Company proceeded to redeem in the manner prescribed by the above statutes, but, before redeeming, the company instituted its foreclosure proceeding.

In California it has been held that such action is proper (*Bristol* v. *Hershey*, 7 Cal. App. 738, 95 Pac. 1040), but a different rule has been announced in this state in the *Hamilton Case* above, wherein it is said that, under our statute, those holding "liens inferior to that to satisfy which the sale was made, shall resort to the process of redemption, and not to levy and sale, in order to protect themselves from loss."

We cannot see how, under our statutes and those similar in effect, any other rule could be adopted, as the holder of a subsequent lien made a party to the original foreclosure proceeding on which a sale was had, has no lien on which to base a subsequent foreclosure proceeding and the debtor against whom he would proceed has no title to the property and no equity of redemption to be foreclosed, while his statutory right of redemption is not subject to foreclosure. (*State ex rel. Hopkins* v. *Stephens*, 63 Mont. 318, 206 Pac. 1094; *Hamilton* v. *Hamilton*, above.)

Had the judgment debtor redeemed and thus re-established the Hart-Parr Company lien, it could then have foreclosed the equity of redemption of Dipple and of those junior lienholders not made parties to the Mohall Bank foreclosure (*Spurgin* v. *Adamson*, above), in which event plaintiff would have had a right to redeem from a sale thereunder, or, had this redemptioner first redeemed it could have foreclosed those junior liens, but neither of such courses was followed.

3. Counsel for plaintiff, however, contend that the Hart-Parr decree is valid on its face, and not subject to collateral attack, and therefore cut off Hart-Parr Company's right of redemption, and Hart-Parr Company, therefore, became a successor in interest of plaintiff in making redemption, so that plaintiff secured a second right of redemption. This contention is based upon declarations found in 42 C. J. 449, and *Jolliffe* v. *Crawford*, 76 Ind. App. 282, 132 N. E. 300, and *Bateman* v. *Kellogg*, 59 Cal. App. 464, 211 Pac. 46.

As to the attack upon the Hart-Parr Company decree, we are here called upon to determine the effect thereof rather than its

validity and the situation presented does not differ materially from that disposed of in the *Hamilton Case,* above, wherein this court found no difficulty in declaring that subsequent judgments levied against the right of redemption did not affect the substantial rights of the parties to the foreclosure proceeding.

Hart-Parr Company secured a decree foreclosing all rights [5] which Dipple had and by sale disposed of all his right, title and interest in the premises, when in fact he had no interest therein, under the laws of this state. Treating the judgment and decree as valid, its only effect would be the entry of judgment against Dipple on his debt, which was not extinguished with its lien against the property, and the foreclosure of rights of Mohall State Bank under its third mortgage, as well as the foreclosure of the other junior liens mentioned. It could not affect the rights of Mohall State Bank under its foreclosure sale and purchase of the property.

The Indiana case of *Jolliffe* v. *Crawford* is not in point here, as that decision is based upon the declaration that the plaintiff, Jolliffe, who was seeking to quiet title under circumstances somewhat similar to those in the present case, "was the owner of the lands in question" at the time the redemption money was paid; that "the legal title was in him," while the purchaser at decretal sale held but an "inchoate title," subject to be defeated by redemption, and therefore one wrongfully redeeming, but clearing plaintiff's title for him. This basis of the decision is the converse of the law in this state, as shown above. What is said as to the Indiana case applies also to the Illinois cases, cited in support of the text in Corpus Juris, above.

In the California case of *Bateman* v. *Kellogg,* cited, it is said, as it is in this state, that all the right, title and interest of the judgment debtor passes to the purchaser on decretal sale; the legal title vests in him, subject only to be defeated by a redemption; but it is then held that one, not entitled to redeem, who nevertheless redeems—a situation in which it is said Hart-Parr Company found itself when redeemed--does so as successor in interest of the judgment debtor, and not as a

redemptioner. The situation of the party redeeming in that case is somewhat different from that of the Hart-Parr Company here, while the latter is in the position occupied by one Wills in the California case of *Bristol* v. *Hershey,* above, which is not overruled and in fact not mentioned in the decision in *Bateman* v. *Kellogg.*

In *Bristol* v. *Hershey,* the court seems to have confused the terms "judgment debtor" and "redemptioner," as it first states that a junior lienholder who, like Hart-Parr Company, first foreclosed its junior lien and then redeemed, became, by virtue of the second foreclosure sale, "a successor in interest of [the mortgagor] and entitled to redeem," but later declares: "The contention that the redemption by Wills extinguished the sale theretofore made to Hershey cannot be maintained. The effect of a redemption by a successor in interest, holding the legal and equitable title, is a restoration to the original estate (sec. 703, Code Civ. Proc.), but this does not apply to one holding but the equitable title under a certificate issued upon a second sale. In such cases the holder of the junior certificate redeems from the previous sale in his own interest and adverse to the debtor and holder of the legal title, and it is not a redemption in the interest of the judgment debtor or for the judgment debtor, and the effect of which is not to restore the estate to the judgment debtor, nor to extinguish the original sale from which the redemption is had."

The text from Corpus Juris, above referred to, reads: "A redemption by one not authorized to redeem, when accepted by the foreclosure purchaser or certificate holder, extinguishes the sale and cuts off the rights of the purchaser, but gives no rights or title or subrogation to the redemptioner." Yet, in the same work (42 C. J.), at page 377, it is said that: "A stranger, having no interest in the mortgaged premises or any lien thereon, has no right to redeem and an attempted redemption by a stranger is ineffective. But if the person entitled to the redemption money accepts it on the offer of a stranger and retains it, an actual redemption is effected, the rights of the

person thus paid off  *  *  *  are terminated,  *  *  *  and where one who is not entitled under the statute to redeem nevertheless does so, and has his redemption money accepted, he may become a redemptioner for all purposes and holds the property subject to further redemption by others.''

In the latter text, it will be seen, it is only the rights of [6]  the party accepting the redemption that are cut off, and the person redeeming becomes a ''redemptioner for all purposes.''  This seems to be the better rule.  A redemption is but a compulsory sale of the title acquired by the purchaser at decretal sale, and, as the judgment debtor may redeem from either the purchaser or the redemptioner, it should be a matter of indifference to him whether the purchaser holds the title or parts with it by reason of a voluntary assignment of the certificate of sale, or by redemption by one entitled to redeem, or by constituting another a ''redemptioner'' by the acceptance of the redemption money from him.  The purchaser at sheriff's sale or person holding the sheriff's certificate of sale, and the person redeeming it, are the only persons concerned in the regularity of a redemption.  (*North Dakota Horse & Cattle Co.* v. *Serumgard,* 17 N. D. 476, 138 Am. St. Rep. 717, 29 L. R. A. (n. s.) 508, 117 N. W. 453, and cases therein cited.)  That such a rule seems to be correct in principle is declared in a note [7]  found in 29 L. R. A. (n. s.) 508, as redemption statutes, being remedial in character, are to be liberally construed.

In *Roose* v. *Gove,* 32 Colo. 522, 77 Pac. 246, it is held that a redemption by a redemptioner operates to transfer the rights of the creditor who made the sale to the one redeeming, providing the redeeming creditor has the right to redeem, and, if the holder of the certificate of sale accepts the redemption money, the rights of the redeeming creditor are the same as though his redemption was in all respects valid; that the matter is between those two, and no one else may question the validity of the redemption.

In *White* v. *Costigan,* 134 Cal. 33, 66 Pac. 78, it is held that one, unqualified to redeem, whose money is accepted and re-

tained, becomes an equitable assignee of the interest of the party from whom he redeemed and entitled to have his equitable right perfected.

It is therefore apparent that, even treating the Hart-Parr [8] foreclosure decree as valid and giving to it full force and effect as terminating the right of the company to redeem, the redemption effected by the company operated to establish the company in the shoes of Mohall State Bank, the original purchaser, and that the redemption was in fact had in its own interest and antagonistic to the rights of Dipple, the judgment debtor, and not as his successor in interest. Having accepted the benefits of such a redemption and acquired rights thereunder, Hart-Parr Company was also subject to the duties of a redemptioner and required to permit such further redemptions as the statutes authorize (*North Dakota Horse & Cattle Co.* v. *Serumgard*, above); thus, when Neville redeemed from that company within sixty days after its redemption, the second redemption was valid and Neville was subrogated to the rights of Hart-Parr Company, which rights included the right to demand and receive a sheriff's deed to the premises if no further redemption was had within sixty days (sec. 9444, above).

4. Plaintiff, however, contends that the defendants are [9, 10] estopped to assert that they hold as redemptioners from a redemptioner, by reason of the recital in the notice and certificate of redemption to the effect that Hart-Parr Company redeemed as successor in interest of Dipple. In support of that position counsel cite 21 C. J. 1088 et seq., dealing with estoppel by recitals in deeds.

Of course, if Hart-Parr Company did in fact redeem as successor in interest of the judgment debtor, the effect of the sale by Mohall State Bank was terminated (sec. 9444, above); but when Neville redeemed from Hart-Parr Company he redeemed in his own right as a redemptioner by virtue of the assignment to him of the Mohall State Bank's third mortgage, which had nothing in common with the mortgage on which Mohall State Bank foreclosed, and as a redemptioner Hart-Parr Company

could not prevent further redemption by any act or recital of its own (*North Dakota Horse & Cattle Co.* v. *Serumgard,* above).

Hart-Parr Company could not become a successor in interest to Dipple by its foreclosure sale and purchase, as the only interest or right which Dipple then had was his statutory right of redemption which was not subject to an involuntary transfer. (*Hamilton* v. *Hamilton,* above.)

It was not necessary to state, in the notice of redemption, the capacity in which Hart-Parr Company redeemed (*Pollard* v. *Harlow,* 138 Cal. 390, 71 Pac. 454, 648), and an erroneous recital could not affect the rights of third parties entitled to redeem.

It would seem, therefore, that Neville was not such a successor in interest of Hart-Parr Company as to be estopped by its superfluous recitals in the notice and certificate of redemption.

True the complaint alleges that plaintiff was misled into fancied security by those recitals, but the recitals were not of facts, but of law, of which the plaintiff is presumed to have had knowledge. Thus it is apparent upon the face of the instruments that Hart-Parr Company was redeeming as a redemptioner, and not as successor in interest to Dipple. Under the doctrine of estoppel by deed, where the truth is apparent upon the deed or instrument which otherwise works an estoppel, the parties are not estopped from taking advantage of it. (21 C. J. 1102, and cases cited.)

For the reasons stated, the defendants were not estopped from showing the facts as they existed.

5. What, then, is the position of Dipple? The sale under the Mohall State Bank foreclosure divested him of all title to the land and he was never restored to his estate therein. The subsequent foreclosure and sale by Hart-Parr Company did not in any manner affect the title acquired by Mohall State Bank under its sale. Under the first sale he had the statutory right

to redeem, but under the second sale there was nothing to redeem as no right of his was foreclosed.

It is true that the public policy of this state is that "when [11, 12] an unfortunate debtor has lost his land, either under mortgage foreclosure or execution sale, he shall have the opportunity to regain it by complying with the conditions imposed" (*Hamilton* v. *Hamilton,* above), but the right of redemption is purely statutory and can only be invoked against one who is not complacent, by compliance with the statutory provisions.

Section 9443, Revised Codes 1921, gives the judgment debtor the right to redeem any time within one year from and after the sale, and the only mention of such a party thereafter is found in section 9444, which, after providing for successive redemptions by redemptioners within periods of sixty days, declares: "But, in all cases, the judgment debtor shall have the entire period of one year from the date of the sale to redeem the property." The legislative intent is therefore clearly expressed in the statute and thereunder no redemption by a redemptioner tolls the period of limitation fixed for the judgment debtor, nor can any action of the redemptioner shorten that time; in all cases he has the entire year "from the date of the sale" in which to redeem.

It was immaterial what action was taken by Hart-Parr Company during the year it was given to redeem. Had it redeemed within a month after the sale, Dipple still had his year of redemption, but at the expiration of the statutory time, his right ceased to exist and he could not thereafter question the title of defendants who acted within the time given them by the statute. (*Roose* v. *Gove,* above.)

At one stage of counsel's argument, contained in three briefs filed, it is contended that, as the Mohall State Bank's third mortgage has never been foreclosed, plaintiff still has an equity of redemption as to that mortgage, although this is not the theory on which the complaint herein was drafted.

If, as contended by plaintiff, the Hart-Parr decree is valid and cannot be collaterally attacked, the rights of Mohall State

Bank thereunder were foreclosed and its lien upon the property extinguished by that decree, so that it was not in a position to foreclose as to that mortgage. (*Hamilton* v. *Hamilton,* above.)   Plaintiff cannot well assert the validity of that decree for the purpose of barring Hart-Parr as a redemptioner, as he has, and deny its effect for the purpose of barring Neville, as successor in interest of the Mohall State Bank under the third mortgage, as a redemptioner.

A careful and exhaustive examination of the authorities convinces us that the complaint does not, and could not be made to, state facts sufficient to constitute a cause of action in favor of Dipple, and it is therefore apparent that no error was committed in sustaining the demurrer to the complaint on file.

For the reasons stated, the judgment must be affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MYERS, STARK and GALEN concur.

Rehearing denied May 17, 1928.