MURRAY ET AL. *v.* HOLLAND.

[No. 16,328. Filed May 9, 1940. Rehearing denied June 19, 1940.]

*Raymond F. Murray,* of Indianapolis, for appellants.
*Thomas W. Perkins,* of Indianapolis, for appellee.

DUDINE, J.—This is an action instituted by appellee, William M. Holland, Jr., against Raymond F. Murray and several other parties (who are named in this appeal as coappellants) to quiet title to certain real estate in appellee.

The complaint consisted of two paragraphs. Appellant, Raymond F. Murray, filed a separate demurrer to each of said paragraphs of complaint, which demurrers were overruled, whereupon said appellant filed an answer and a cross-complaint. The cross-complaint sought to quiet title to the real estate in appellant, Raymond F. Murray. The issues having been closed the cause was submitted to the court for trial without a jury and the court found for appellee against appellant,

Raymond F. Murray, that appellee, William M. Holland, Jr., is the owner in fee simple of the real estate and that he is entitled to have his title quieted thereto as against appellant, Raymond F. Murray. Judgment was entered in accordance with the finding.

The other parties named herein as coappellants were named as codefendants below. The complaint alleged that each of them claimed an interest in the real estate and that they were made parties to the cause for the purpose of adjudicating their claims against said real estate. All of their claims against the real estate were adjudicated in the cause and the court decreed that appellee, William M. Holland, Jr., was the owner of said real estate in fee simple and that his title thereto be quieted as against all of said codefendants. Appellant, Raymond F. Murray, filed a separate motion for new trial, which was overruled, and perfected this appeal from the judgment. Hereinafter the word "appellant" shall be construed to refer only to appellant, Raymond F. Murray.

The errors assigned upon appeal and discussed in appellant's brief are: (1) Claimed error in overruling appellant's demurrer to the first paragraph of complaint; (2) claimed error in overruling appellant's demurrer to the second paragraph of complaint; (3) claimed error in overruling appellant's motion for new trial.

We shall first discuss the questions presented in support of claimed error in overruling the demurrer to the second paragraph of complaint.

Appellant contends that said demurrer should have been sustained because the second paragraph of complaint "does not proceed upon a single definite theory and does not state the facts in such a clear and concise manner as to inform the defendants of the issues they

were required to meet," and appellant contends further that said complaint alleges title in "two entirely different persons." Nowhere in the brief does appellant show in what respect said paragraph of complaint fails to proceed upon a single definite theory, or in what respect it fails to state facts in a sufficiently clear ond concise manner. It would serve no good purpose to set out the second paragraph of complaint in this opinion. We deem it sufficient to say, with reference to said contentions, that said paragraph of complaint is not subject to such criticism.

Appellant contends further that the second paragraph of complaint fails to allege title in appellee to the real estate in question, "but shows to the contrary that all the plaintiff possessed was a lien of the State of Indiana for taxes." Appellant contends further that "said pleading (the second paragraph of complaint) alleges a sale of real estate for delinquent taxes and the issuance of a tax deed to the person (who purchased the real estate at the tax sale) by the county auditor, . . . (and the person who purchased the real estate at the tax sale) conveyed the property to plaintiff by quit-claim deed, but (said paragraph of complaint) fails to allege that such person, the holder of the tax deed, instituted an action to quiet title to said real estate. . . . Plaintiff only alleges that he holds a quit-claim deed from the person who obtained the tax deed from the county auditor. Plaintiff is (therefore) not the person designated by the statute as (being) entitled to maintain an action to quiet title as plaintiff is not the holder of a tax deed from the county auditor." Citing § 64-2417, Burns' 1933.

The facts on which said contention is based are alleged in the second paragraph of complaint.

"A deed of release or quit-claim shall pass all the estate which the grantor could convey by a deed of

bargain and sale (§ 3-1302, Burns' 1933)"; therefore, appellee (plaintiff below) acquired, through the alleged quitclaim deed, all the estate or interest in the real estate which the holder of the tax deed could convey by bargain and sale. The statutory right to quiet title to said real estate under §§ 64-2417, et seq., Burns' 1933, *supra,* was part of the estate or interest which the holder of the tax deed had in said real estate. It is clear from a reading of said statutes that said right is a property right and that it is not a personal right which attaches only to the original holder of the tax deed. We know of no reason why such a property right could not be conveyed by bargain and sale. The tax deed vested a prima facie good and valid title in the purchaser at the tax sale and the quitclaim deed from such purchaser to appellee vested the same kind of title in appellee. *Wilson* v. *Carrico* (1900), 155 Ind. 570, 58 N. E. 847.

We hold that, under the allegations of the second paragraph of complaint, appellee was a person "holding . . . (a) deed of . . . lots executed by the county auditor for the nonpayment of taxes . . ." within the meaning of said phrase as used in § 64-2417, Burns' 1933, *supra,* and that therefore, pursuant to said statute, appellee acquired the right to quiet his title in the real estate.

The law question which we have just discussed is also presented by appellant in support of claimed error in overruling the demurrer to the first paragraph of complaint, and in support of the assigned cause for new trial that the decision of the court is contrary to law. What we have said on that question is applicable and is sufficient with reference to that question as presented in support of the demurrer to the first paragraph of

complaint and as presented under the assigned cause for new trial that the decision is contrary to law.

The evidence shows that on December 19, 1932, a judgment was rendered in which the court foreclosed a mortgage on the real estate involved in this cause, declared certain mechanic's liens to exist against said real estate, including a mechanic's lien judgment in favor of Ervin Valdenair Lumber Company in the sum of $898.41, and in which judgment the real estate was ordered to be sold "upon execution" to satisfy said liens. On February 7, 1932, one Eugene Sheehan purchased said real estate at a delinquent tax sale. He acquired a tax deed therefor on February 15, 1934. Sheehan conveyed the real estate to appellee by a quitclaim deed dated September 29, 1934. On October 1, 1934, said mechanic's lien judgment of Ervin Valdenair Lumber Company was assigned to appellee. Appellee caused execution to be issued on said judgment and pursuant thereto said real estate was sold to A. C. Hitzelberger on January 12, 1935, by the sheriff of Marion County for $1,200.00. On January 13, 1936, appellee paid the clerk of the Court $1,296.00 and $1.00 "redemption fee" in redemption of and for redemption of the above described real estate and on the same date filed notice of his redemption thereof in the Lis Pendens record of said county, in which notice appellee based his right to redeem said real estate on said quitclaim deed from Eugene Sheehan.

Appellant contends, in support of the proposition that the decision is contrary to law, that appellee, being an assignee of a lien judgment, stands in the shoes of his assignor who was a judgment creditor, and as such appellee could not redeem the land from the sale had on execution issued on the judgment which declared his judgment lien. Appellant contends further that

appellee is "estopped" from quieting his title because, in effect, he "sought to redeem from his own sale."

As we have previously stated, appellee based his right to redeem on his tax title which was entirely disconnected from his judgment lien. Certainly a tax title, which is prima facie valid, is a "legal title" which authorizes the holder thereof under § 2-4001, Burns' 1933, to redeem the real estate, which is covered by the tax title, from sale on execution. The fact that, in addition to holding the tax title, appellee held a judgment lien against the real estate, that he caused the real estate to be sold on execution issued on such judgment and that he participated as such judgment lienholder in the distribution of the proceeds of such sale on execution, does not constitute valid grounds for estopping appellee from exercising such right to redeem the real estate from such sale on execution. There is no inconsistency in such holding and no inequity results therefrom. Appellant cites *Jolliffe* v. *Crawford* (1921), 76 Ind. App. 282, 132 N. E. 300, in support of said contention. The facts in that case are materially different from the facts in the instant case and therefore that opinion is not applicable here.

Appellant contends further that the decision of the court is contrary to law because the evidence shows that the tax sale was made at a time when the owner of the real estate "was possessed of personal property of a value more than sufficient from which funds could have been made to pay said taxes"; that it is the duty of officials charged with the collection of taxes to exhaust the personal property of the taxpayer before selling his real estate for delinquent taxes; that a party setting up title under a tax sale must show that every provision of the statute, under which tax sales are made, was complied with; that the personal property owned

by the taxpayer in the instant case at the time of the tax sale not having been exhausted before the sale, appellee's tax title is invalid.

The record shows that after September 24, 1931, Johnson-Stone, Incorporated (a codefendant below and a named coappellant here), was ·the fee simple owner of the real estate. Hereinafter the word "taxpayer" shall mean Johnson-Stone, Incorporated.

Section 64-2201, Burns' 1933, prescribes that the county auditor shall make out a list of "lands and lots, returned and remaining delinquent for taxes, including . . . the lands of those whose personalty, as assessed on the tax duplicate, is less in value than the taxes charged against the lands. . . ." Section 64-2202, Burns' 1933, provides that such lists shall be posted.

Appellant does not contend that proper lists were not made up or that proper notices containing such lists were not posted, but appellant contends that the tax sale in the instant case is invalid because the evidence shows that the personal property owned by the taxpayer at the time of the tax sale *was worth more* than the taxes charged against the real estate. It should be noted that § 64-2201, Burns' 1933, *supra,* does *not* provide that the county auditor shall list the lands of those whose personalty is *worth less* than the taxes charged against the land, but it provides that the county auditor shall list the lands of those whose personalty *"as assessed on the tax duplicate" is less* than the taxes charged against the land. It is a general rule, applicable in cases of this kind, that where certain matters are by law required to be made to appear of record, an omission as to such matters constitutes a defect in the title, but the statutes which prescribe the steps to be taken to effect a valid delinquent tax sale of real estate and to vest in the purchaser a valid title in the real

estate sold, do not require the record to show that the personalty owned by the taxpayer at the time of the tax sale was worth less than the taxes charged against the real estate.

Appellant's brief does not refer to any evidence in the record which shows the value of the personal property owned by the taxpayer *"as assessed on the tax duplicate"* at the time of the tax sale involved herein. Appellant does call our attention to some evidence in the record which tends to show that the personal property of said taxpayer was *worth more* than the taxes charged against the real estate, but such evidence does not prove or tend to prove the assessed valuation thereof.

Appellant contends, in support of the proposition that the decision is not sustained by sufficient evidence, that the evidence fails to show that appellee is the owner of the legal title to the real estate, that the evidence shows that appellee owns no more than a lien for the taxes paid.

A tax deed vests in the grantee "an absolute estate in fee simple . . ." § 64-2401, Burns' 1933. The evidence indisputably shows that Eugene Sheehan acquired a tax deed and that he conveyed all of his right, title and interest in the real estate to appellee by quitclaim deed. Appellee now holds such tax title. The evidence does not show any defect in said tax title. Consequently the evidence does show that appellee is the owner of the legal title to said real estate, and appellant's said contention is not tenable.

The evidence shows that appellant is the assignee of judgment liens against said real estate, which liens are junior to said judgment liens of appellee and his co-judgment lienees which were declared in the mortgage foreclosure suit. Appellant contends that the decision

is not sustained by sufficient evidence because the evidence does not show that appellee tendered payment of all or any part of said junior judgment liens. We need not discuss the legal effect of such failure, upon the part of appellee, to tender payment of said junior judgment liens because the evidence on that subject is conflicting; there is some evidence in the record which shows that appellee did make such tenders.

Appellant assigns, as a cause for new trial, error in the introduction in evidence of plaintiff's exhibit 15, which was a letter from appellee to appellant whereby appellee tendered to appellant $69.41 in satisfaction of a judgment in the sum of $51.22 against the taxpayer. Evidence shows that said judgment is one of the "junior judgment liens" against said real estate claimed by appellant which are referred to in the last preceding paragraph of this opinion. Plaintiff's exhibit 15 was clearly admissible, if for no other purpose, to show that appellee's equitable title should be quieted as against appellant's claim based on said judgment.

Appellant assigned as a cause for new trial "that the court was guilty of an abuse of discretion by which the defendant was prevented from having a fair trial, in that the trial court at the time plaintiff offered in evidence, over the objections of this defendant . . . plaintiff's exhibits numbers 7 and 8, the court reserved its ruling and thereafter failed to rule as to the admission of said exhibits, whereby this appellant was denied a ruling by said court and (was denied) the right to review said ruling on appeal. . . ." We need not consider said exhibits because the record does not show and appellant does not contend that the trial court considered them. Certainly no harm was done to appellee by the tender of said exhibits in evi-

dence if the trial court did not consider them. The record does not show that appellant called to the court's attention its failure to rule on the objections to said evidence. Under such circumstances it cannot be said that the court abused its discretion in failing to rule on the objections, or that appellant has saved such question in the record.

Appellant has stated other points in his brief but has failed to make application of such points to the cause before us. Said points do not merit discussion in this opinion.

No reversible error having been shown, the judgment is affirmed.

NOTE.—Reported in 27 N. E. (2d) 126.