No. 87-403

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

JOHN E. WRIGHT,

      Plaintiff and Appellant,

  -vs-

STATE OF MONTANA, MICHAEL GREELY,
Attorney General of the State of
Montana; RAY HOUGHTON; CITY OF
BOZEMAN, a Municipal corporation;
and EDWARD MALONE,

      Defendants and Respondents.

---

APPEAL FROM: District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Thomas A. Olson, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

      J. David Penwell, Bozeman, Montana

    For Respondent:

      Leanne M. Schraudner, Lilly, Andriolo and Schraudner;
Bozeman, Montana,
G. Curtis Drake, Keller, Reynolds, Drake, Sterhagen
and Johnson; Helena, Montana
John Maynard, Tort Claims Division, Helena, Montana

---

Submitted on Briefs:  February 18, 1988

Decided:

Filed: APR 6 - 1988

*Ethel M. Harrison*

---

Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

This is an appeal from an order by the District Court, Eighteenth Judicial District, Gallatin County, granting summary judgment in favor of respondents. We affirm.

Appellant's issue on appeal restated is:

Did the District Court err in granting summary judgment for all defendants when there existed a material issue of fact?

On January 20, 1984, plaintiff John Wright was arrested for violations of § 45-8-101, MCA, disorderly conduct, and § 45-6-203, MCA, criminal trespass, while attempting to renew his expired Montana driver's license at the Licensing Bureau offices in Bozeman. Wright entered the Bureau offices in midmorning with the intention of renewing his expired license. He was first waited upon by examiner Rena Knapp, who informed him that because his license was past 90 days expired, he was required to pass a complete driving examination before being issued a new license. Wright took and successfully passed the written exam and then was required by Knapp to fill out the standard application form called a DL-40. The form he filled out contained a clause that required the disclosure of his Social Security number. Although Montana law no longer mandates the use of a Social Security number, many of the old forms are still being used. Either Knapp or examiner Ray Houghton asked him what his number was. He indicated he did not wish to disclose his Social Security number and there is testimony that he replied by saying, "Hell, no." Additional testimony indicates he was given a random number.

At this point, examiner Houghton took over the application of Wright. After apparently completing the rest of the form, Wright left the office and returned with the vehicle he wished to use for the driving portion of the exam. Before he left he was advised by Houghton to be sure to bring back adequate proof of insurance.

Wright returned but with what Houghton thought to be inadequate proof of insurance, and he refused to allow Wright to finish the exam because an examiner is prohibited from getting into a vehicle without adequate proof of insurance. A loud argument ensued and ended when Wright called Houghton a "horse's ass." Houghton then told Wright not to come back that day as he would not be waited upon further. Wright left, attempting to slam the office door as he went. Wright did return later that day and tried to use an office phone restricted to office business only. Having several customers and not wanting a disturbance, Houghton called the police and Wright was arrested after refusing the police officer's request to leave. He was taken to the detention center, booked, and released on bail. The next Monday, Wright returned to the Bureau office, showed adequate proof of insurance and was given the driving portion of the exam by Houghton. He passed and was given a new driver's license. All charges were later dismissed. It should be noted that Wright's renewed license does not contain his Social Security number.

Wright brought suit for false arrest and other claims against the State of Montana, Houghton, City of Bozeman and the arresting officer, Ed Malone. All defendants filed a motion for summary judgment which was granted July 29, 1987. In its order, the District Court noted the lack of any evidence submitted in opposition to the motion and found no material issue of fact existed. Plaintiff appeals.

Appellant argues that the court ignored the existence of two issues of fact at the time it entered summary judgment. First, appellant disputes whether there was probable cause to arrest and second, whether Wright was arrested because he was required to give his Social Security number as a condition precedent to obtaining his driver's license. We will address the second issue first.

The standard of review for an order for summary judgment is the same as that used by the District Court under Rule 56, M.R.Civ.P. Mayer Bros. v. Daniel Richard Jewelers, Inc. (Mont. 1986), 726 P.2d 815, 816, 43 St.Rep. 1821, 1822. If the record does not show an issue of material fact exists the movant is entitled to summary judgment as a matter of law. Rule 56(c), M.R.Civ.P.

The burden of proof requirements for summary judgment have been set forth by this Court on innumerable occasions. The initial burden is on the party seeking summary judgment. Once that burden is met the party opposing the motion must present evidence substantial and material enough to raise a genuine issue of fact. B.M. By Berger v. State (Mont. 1985), 698 P.2d 399, 401, 42 St.Rep. 272, 274.

Further, we have stated that a party opposing a motion for summary judgment may not rest upon his pleadings but has an affirmative duty to bring forth sworn testimony or affidavits which show a genuine issue. Mere allegations are insufficient to raise a genuine issue of fact. Mayer Bros., 726 P.2d at 817; B.M. By Berger, 698 P.2d at 401; Conboy v. State (Mont. 1985), 693 P.2d 547, 551, 42 St.Rep. 120, 125.

The appellant presented no evidence to the District Court in opposition of respondent's motion for summary judgment. No affidavits were filed. Wright's own deposition was not filed until a month after the court's judgment. The court need not consider untimely filed documents in

proceedings for summary judgment. Marcus Daly Memorial Hospital v. Borkoski (Mont. 1981), 624 P.2d 997, 1000, 38 St.Rep. 322, 325.

Appellant argues that a negotiation session between the parties transcribed by a court reporter can be considered by the District Court. We hold that because this is not sworn testimony the District Court need not consider it in proceedings for summary judgment.

The relevant depositions in the District Court file are all consistent on the point of Wright's Social Security number. Both Knapp and Houghton testified that Wright was not required to use his Social Security number and was in fact assigned a random number. There is no opposing evidence that shows he was forced to use his Social Security number. That number is not on his driver's license. Knapp's, Houghton's and Malone's depositions are consistent in showing that the conflict arose over Wright's lack of proof of insurance. Even if Wright's deposition showed an inconsistency it was not before the court and cannot be considered. The appellant failed to carry his burden and the District Court made its decision accordingly.

Appellant also argues that whether officer Malone had probable cause to arrest Wright is a question of fact which the appellant is entitled to present to a jury. The general rule is that where the facts are undisputed the question of whether an arrest was legal or illegal becomes a question of law for the court. 32 Am.Jur.2d False Imprisonment, § 96.

Since no material fact exists the respondents were entitled to summary judgment as a matter of law. We therefore affirm the District Court's order for summary judgment.

_William E. Hunter Jr._
Justice

We Concur:

_J. A. Turnage_
Chief Justice

_John Conway Harrison_

_R. C. McDonough_

Justices

- 6 -

Mr. Justice John C. Sheehy, dissenting:


In Hamlet's soliloquy, one of the "whips and scorns" which led the great Dane to consider whether death was better than life was "the insolence of office." In those few words, the Bard managed to express the aggravations and futilities pressed on any of us when public officials vent their sour stomachs in performing their duties. The authority to wear a badge or to wield a pen in power over others seems to fuel in us a sense of mastery, and not of service. It is a common failing, and all of us public servants succumb to it at some point.

It is an insolence of office in us to disregard the rule of law applicable to a summary judgment in this case. That rule is that a summary judgment does not lie where there are genuine issues of material fact.

This Court assumes without question that the version of incidents propounded by the public officers in this case is the only version. It ignores the opposite version posed by the plaintiff, that he went to a public building to renew his driver's license; that his Social Security number was demanded; that he later produced proof of insurance but that the examiner refused to issue him a license that day, and told him to return on the following Monday; and that the examiner called the police and had him arrested; that the charges against him were disorderly conduct and criminal trespass; and that both of these charges were later dismissed. In short, he went to a public building for a driver's license and wound up handcuffed and led off to the police station.

The real question in this case is whether there was probable cause for Wright's arrest. If his arrest was

groundless, he has a cause of action against the perpetrators. Neither the District Court nor this Court addresses that question. The deposition testimony of Rena Knapp is strong evidence that his arrest was groundless. She describes how the examiner (without any authority to do so) told Wright not to return for his license that day.

When Wright returned, with his proof of insurance, the examiner immediately, without exchanging a word with Wright, telephoned for the police. Rena Knapp describes the interval until the policeman came as no shouting and no threatening by Wright. When the policeman came and asked what the problem was, the examiner said that Wright had been asked to leave, and would not, and that the examiner wanted Wright out of the office; "that he would no longer be helped that day." There appears no justification for refusal to help Wright on that day, since he had paid for his license, successfully taken the written exam, and had insurance papers which entitled him to a test drive. For reasons of his own, it appears the patrolman was punishing Wright. Without any struggle or tumult, Wright was handcuffed and taken out of a public building where he had a right to be, and groundlessly charged with crimes.

There are in this case genuine issues of material fact, and summary judgment was improper. I would reverse.

_____
John L. Shelly
Justice