NO.   94-061

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

WALTER H. SAVOY,

      Plaintiff-Appellant,

  -v-

CASCADE COUNTY SHERIFF'S DEPT.;
and UNITED STATES OF AMERICA,
by and through the FARMER'S HOME
ADMINISTRATION, its agency,

      Defendants-Respondents.

FILED

DEC 13 1994

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Eighth Judicial District,
              In and for the County of Cascade,
              The Honorable John McCarvel, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

         Gary S. Deschenes,  Deschenes Law office,  Great
         Falls,  Montana

      For Respondent:

         George Darragh, Jr., Assistant U.S. Attorney, Great
         Falls,  Montana; Nancy Cory, Great Falls, Montana

Submitted on Briefs:  September 15, 1994

Decided: December 13, 1994

Filed:

_____
Clerk

Justice Fred J. Weber delivered the Opinion of the Court

This is an appeal from a grant of summary judgment to defendants in this case by the Eighth Judicial District Court, Cascade County, Montana. We affirm.

We consider the following issues on appeal:

I. Did the District Court err when it determined that Farmer's Home Administration had substantially complied with the redemption statutes found at § 25-13-801, et seq., MCA?

II. Did the District Court err when it determined that Farmer's Home Administration was a proper party to redeem?

III. Did the District Court err when it determined that the Cascade County Sheriff's Office had acted appropriately in not presenting Mr. Savoy with the deed to Tract II?

The real property involved here was the subject of a foreclosure action brought by the Federal Land Bank of Spokane against Hugh D. and Rita D. Sands. The foreclosure action involved three tracts of land, only two of which enter into this action, Tract I, and Tract II.

A decree of foreclosure was entered on February 28, 1989, by the Eighth Judicial District Court upon stipulation of the five junior lienholders and the default of the Sands. The court ordered a sale of the property on March 23, 1989, and the property was sold at a Sheriff's Sale. Tract I and Tract II were purchased by Walter H. Savoy (Savoy) to whom the Sheriff issued a Certificate of Sale dated May 24, 1989. Savoy paid $3,001 for Tract I and $85,000 for Tract II.

The statutory period for redemption is one year. Thus, any redemptioner had until May 23, 1990, to redeem the property from Savoy .

On May 17, 1990, Patrick Sands, a successor-in-interest to Hugh and Rita Sands provided to Sheriff Barry Michelotti a notice of redemption for Tract I. The Sheriff's Office issued a sheriff's certificate of redemption on May 21, 1990, for Tract I at the same time Patrick Sands issued to Sheriff Michelotti a check in the amount of $3,180.06.

Also, on or about May 17, 1990, Farmer's Home Administration (FmHA) sent a copy of a letter to the Sheriff of Cascade County addressed to Savoy stating that it was redeeming, for $85,000, Tract II of the property purchased by Savoy at the March 23, 1989 foreclosure sale. The letter told Savoy to contact Ms. Hensleigh, the County Supervisor for FmHA, if he had any questions.

Also attached to the letter sent to the Sheriff was a copy of the decree of foreclosure in favor of Federal Land Bank that included a list of the lienholders on the property, of which FmHA is listed as second, third and fifth lienholders having mortgages on the property. Also attached to the letter sent to the Sheriff was a check for $90,030.14, of which $85,000 was the purchase price paid by Savoy and the remainder representing the interest accrued on this money from the date of sale.

Sometime before June 8, 1990, Savoy contacted the Sheriff's Office. He had questions about the process of redemption and Deputy Sheriffs John Strandell and Richard Duncan directed Savoy to

3

§§ 25-13-801, et seq., MCA, and suggested that he obtain legal counsel.

On June 8, 1990, the Sheriff's Office received a letter from Savoy's counsel stating that neither of the redemptions of Tract I and Tract II were appropriate and citing § 25-13-807, MCA, in support of this proposition. The letter directed the Sheriff to issue deeds for Tract I and Tract II to Savoy because the Notices of Redemption are invalid.

On August 17, 1990, Savoy filed a Complaint for Declaratory Judgment and Petition for Writ of Mandamus. The United States attempted to have the action removed to federal court, but Judge Paul Hatfield refused jurisdiction on October 26, 1990. A hearing was held on December 4, 1990, and the Eighth Judicial District Court heard oral arguments concerning the writ of mandamus. On December 20, 1990, the court issued its findings of fact and conclusions of law, denying Savoy's request for Writ of Mandamus.

Following the December ruling, the court ordered the Sheriff's Office to issue the deed to FmHA. The Cascade County Sheriff issued the deed pursuant to this order. Also following the December ruling, the parties engaged in discovery. FmHA and the Cascade County Sheriff's Office moved for summary judgment as did Savoy . A hearing was held on November 29, 1993, and the court granted summary judgment to FmHA and the Cascade County Sheriff's Office.

Savoy appeals this grant of summary judgment.

4

The standard for reviewing a grant of summary judgment is the same as that used by the district court. Emery v. Federated Foods, Inc. (1993), **262 Mont. 83, 863** P.2d **426.** We must determine whether there is an absence of genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law. Minnie v. City of Roundup (1993), 257 Mont. 429, 849 P.2d 212.

I.

Did the District Court err when it determined that Farmer's Home Administration had substantially complied with the redemption statutes found at § 25-13-801, et seq., MCA?

The redemption statutes with which we are directly concerned in this case are the following:

> 25-13-806. **Notice of** redemption, liens, and taxes and **assessments paid.** Written notice of redemption must be given to the sheriff and a duplicate filed with the county clerk, and if any taxes or assessments are paid by the redemptioner or if he has or acquired any liens other than that upon which the redemption was made, notice thereof must in like manner be given to the sheriff and filed with the county clerk, and if such notice be not filed, the property may be redeemed without paying such tax, assessments, or lien.
> **215-13-807.** **Papers redemptioner must produce.** A redemptioner must produce, to the officer or person from whom he seeks to redeem, and serve with his notice to the sheriff:
> (1) a copy of the docket of the judgment under which he claims the right to redeem, certified by the clerk of the court or by the clerk of the district court in the county where the judgment is docketed; or if he redeem upon a mortgage or other lien, a note of the record thereof, certified by the county clerk; or if upon an attachment, a copy of the affidavit of attachment, certified by the clerk of the district court;
> (2) a copy of any assignment necessary to establish his claim, verified by the affidavit of himself or of a subscribing witness thereto;
> (3) an affidavit by himself or his agent showing the

5

amount then actually due upon the lien

25-13-808. To whom redemption money paid. The payment mentioned in 25-13-802 through 25-13-806 may be made to the purchaser or redemptioner, as the case may be, or for him to the officer who made the sale or, in case his term of office has expired, to his successor in office.

We will first review the pertinent findings of fact and conclusions of law on the part of the District Court.

Findings of Fact: On February 28, 1989, a decree of foreclosure was entered in the case of Interstate Production Credit Ass'n, plaintiff, v. Hugh Sands, et al., in the District Court. On May 23, 1989, a sheriff's sale was held and plaintiff Savoy purchased the property known as Tract I for $3,001 and Tract II for $85,000, with the property located in Cascade County and with the property description of each tract set forth in the judgment and decree of foreclosure.

On May 17, 1990, six days less than one year after the date of sheriff's sale, the FmHA submitted to the Cascade County Sheriff's Department a notice of its intention to redeem the property known as Tract II. The notice was attached to a letter addressed to Savoy . FmHA also presented to the Sheriff with that letter a certified copy of the judgment decree in the action brought by Federal Land Bank as evidence of its right to redeem. Also enclosed with the notice to the Sheriff was a United States Treasury check in the amount of $90,030.14, which covered the original purchase price of $85,000 with interest at six percent for 360 days as mandated by statute. At the same time Tract II was being redeemed by FmHA, Tract I was redeemed by an assignee of the

6

original debtor. The notice of redemption provided to the Sheriff's Office was not filed at the clerk and recorders office (which did not meet the requirement of § 25-13-806, MCA, which requires that notice be filed with the county clerk). Some time between May 17, 1990 and June 8, 1990, Savoy's counsel went over the documents in the Sheriff's files. On June 8, 1990, Savoy through his attorney notified the Sheriff that he was contending that the redemption notice of FmHA was defective and such letter indicated plaintiff was protesting the redemption of both Tracts I and II, pursuant to § 25-13-807, MCA. No explanation of the nature of plaintiff's objections to the notice of redemption was given.

The District Court findings referred to various motions and hearings conducted by it, and also to depositions taken by the parties. Following a hearing in December 1990, the District Court ordered the Sheriff to issue a sheriff's deed to FmHA and that was done.

The District Court then adopted various conclusions of law including the following:

III.

Here, the Cascade County Sheriff's Department received a certified copy of the judgment and decree of foreclosure with the notice of intention of Farmers Home Administration to redeem. In that judgment decree, the mortgage held by the Farmers Home Administration relative to Tract II was set forth with sufficient clarity and was identified appropriately by date and recording information. The information provided in the judgment decree was sufficient to allow any person to appropriately search the records and obtain information relative to the mortgage. The documents submitted by Farmers Home Administration provided the sheriff with adequate evidence of its right to redeem.

IV.

Cascade County Sheriff's Department did not receive an affidavit of an amount due upon the mortgage from the Farmers Home Administration on May 17, 1990, and at no time thereafter. This affidavit does not affect Farmers Home Administration's ability to redeem or propriety as a redeeming party, but is relevant only if a subsequent redemption were attempted. Plaintiff had actual knowledge of Farmers Home Administration redemption.

V.

The notice of redemption was presented six days prior to the expiration of the redemption period. The notice provided by plaintiff, by and through his counsel of record, of his objection to the notice of redemption came after the redemption period expired. Further, the notice of objection was vague, ambiguous and set forth no specific grounds of objection. There is no evidence that prior to the redemption period expiring plaintiff made any effort to determine the amount actually due and owing to Farmers Home Administration upon its mortgage. It is plainly apparent that plaintiff's objections demonstrate a preconceived desire to refuse to accept tender. If plaintiff had pointed out his objections Farmers Home Administration would have had time to remedy technical deficiencies. If one fails to state his objections to a a tender, he is deemed to have waived them.

VI.

Redemption statutes are remedial in nature and are to be liberally construed. In the absence of prejudice to the other parties, substantial compliance with the redemption statutes is sufficient to effect a redemption. Plaintiff received the full amount he was entitled to by the redemption. Plaintiff took no action to effect a subsequent redemption, if he was a party entitled to, and therefore has failed to show any prejudice.

The District Court then issued its order granting summary judgment to FmHA, and the plaintiff Savoy appeals from that.

We agree that the legal conclusion of the District Court was correct as to the remedial nature of redemption statutes. We hold that redemption statutes are remedial in nature and are to be liberally construed and that in the absence of some form of prejudice to parties involved, substantial compliance with

8

redemption statutes is sufficient to affect a redemption in connection with mortgage foreclosure. A general statement to that effect was stated by this Court in Dipple v. Neville, et al. (1928), 82 Mont. 280, 291, 267 P. 214. In the Utah case of United States v. Loosley (1976), 551 P.2d 506, the Utah court said the following in connection with a redemption from a mortgage foreclosure:

> . . The main purpose of a mortgage is to ensure the payment of the debt for which [it] stands as security; and foreclosure is allowed when necessary to carry out that objective. But foreclosure is in the nature of a forfeiture, which the law does not favor. The proceeding is one in equity in which principles of equity should be applied. . .
> Consistent with the foregoing, rules and statutes dealing with redemption are regarded as remedial in character and should be given liberal construction and application to permit a property owner who can pay his debts to do so, and thus make his creditor whole, and save his property. Therefore, if a debtor, acting in good faith, has substantially complied with the procedural requirements of the rule in such a manner that the lender mortgagee is not injured or adversely affected, and is getting what he is entitled to, the law will not aid in depriving the mortgagor of his property for mere falling short of exact compliance with technicalities.

See also cases cited in _Loosely_ including 55 Am.Jur, Mortgages, Sec. 867. With the foregoing rule of law as the background, we will consider the arguments of Savoy.

Savoy objects to the failure of FmHA to present the Sheriff's Office with a certified copy of its existing mortgage and an affidavit of the amount owed under that mortgage, both of which are required to be presented to the Sheriff's Office by the provisions of § 25-13-807, MCA. Savoy is technically correct in making this objection. However, the letter from FmHA directed to Savoy, of

9

which a copy was served upon the Sheriff's Office with a copy of the original Federal Land Bank foreclosure, specifically stated that FmHA was redeeming Tract II. The decree of foreclosure furnished contained a list of the lienholders on Tract II, and FmHA was listed as holding mortgages in the second, third and fifth lien position. The mortgages were described by specific reference to the book and page of recording in the office of the clerk and recorder. Savoy's own affidavit of December 28, 1990, states that his attorney went to the Sheriff's Office and reviewed the documents in the Sheriff's file. Thus, Savoy's attorney had the list of mortgages and their priorities. Savoy is properly chargeable with that knowledge.

Savoy contends he was prejudiced because no amount was listed as still owing under the FmHA mortgages. As previously stated, the letter from FmHA to Savoy gave him the name and telephone number of a person to call in FmHA if he had any questions. Savoy made no attempt to determine an amount owing on the mortgages or any other aspect of information. The only significant reason for Savoy needing the amount of the mortgage would have been if Savoy had himself wished to redeem the property. Savoy had 60 days from the time FmHA redeemed to himself redeem under the provisions of § 25-13-803, MCA. The record discloses that Savoy made no attempt of any type to redeem nor does the record contain any facts demonstrating that Savoy desired to redeem.

So far as the amount owing to FmHA, we conclude that Savoy had sufficient notice had he desired to redeem and that he sustained no

10

prejudice as a result of FmHA's failure to file an affidavit of the amount owing with the Sheriff's Office.

Savoy had adequate knowledge that FmHA was a mortgage holder on the property he had purchased known as Tract II and that a substantial amount of money was undoubtedly owing under three mortgages. Savoy knew that he had 60 days in which to attempt redemption from FmHA and made no attempt to redeem or to discover any additional facts. We further point out that FmHA gave notice of redemption to Savoy six days before the end of its redemption period and had Savoy notified FmHA that he had questions or desired additional information of record, FmHA could have furnished the same. We agree with the conclusion of the District Court that Savoy received the full amount to which he was entitled for redemption purposes and that Savoy took no action to affect a subsequent redemption and has failed to show any prejudice as a result of the technical failures of FmHA to comply with the redemption statutes. We agree with the District Court that there are no questions of material fact. We affirm the holding of the District Court that FmHA substantially complied with the redemption statutes and therefore was entitled to judgment as a matter of law. We hold the District Court did not err in granting summary judgment to FmHA.

## II.

Did the District Court err when it determined that Farmer's Home Administration was a proper party to redeem?

Savoy argues that the papers supplied to the Sheriff's Office

11

admit that FmHA has no judgment against the property. Further, Savoy claims that the papers submitted to the Sheriff were inadequate to prove that FmHA had an open mortgage still existing on the property. FmHA argues that it is a proper party and the court so found.

Section 25-13-801, MCA, states:

Who may redeem. (1) Property sold subject to redemption, as provided by 25-13-710, or any part sold separately may be redeemed in the manner hereinafter provided by the following persons or their successors in interest:

ibi .a. creditor having a lien by judgment, mortgage, or attachment on the property sold or on some share or part thereof subsequent to that on which the property is sold.

We have determined that Savoy had adequate notice that FmHA had a legitimate mortgage on the property he bought at the foreclosure sale. Therefore, FmHA, being the holder of a mortgage, had the statutory right to redeem the property from Savoy.

We hold that the District Court did not err in determining that FmHA was a proper party to redeem Tract II.

III.

Did the District Court err when it determined that the Cascade County Sheriff's Office had acted appropriately in not presenting Mr. Savoy with the deed to Tract II?

Savoy argues that the Sheriff's Office should have known that the redemption was insufficient and should have issued Savoy the deed immediately upon his request. The Sheriff argues that he had requests from two different parties for issuance of the final deed to Tract II of the property and that he had to await the court's

12

decision concerning to whom to issue the deed.

The court determined that the Sheriff's Office acted appropriately. We conclude that the record indicates that the Sheriff had no alternative but to await the court's order. The record also shows that immediately upon issuance of the order FmHA received the deed. We hold the District Court did not err when it determined that the Cascade County Sheriff's Office had acted appropriately in not presenting Mr. Savoy with the deed to Tract II.

Affirmed.

_____
Justice

We Concur::

_____
Chief Justice

_____

_____

_____
Justices

13

Justice Karla M. Gray, concurring in part and dissenting in part.

As far as it goes, I concur in the Court's discussion on issue III. As to issues I and II, I respectfully dissent. Given the remedial nature of mortgage redemption statutes, I agree that substantial compliance should be sufficient to effect a redemption in a mortgage foreclosure action. I do not agree, however, that FmHA was in substantial compliance with the redemption statutes at issue in this case.

The Court's analysis and resolution of issue I focuses almost totally on what Savoy did or did not do in response to FmHA's attempt to redeem. That focus is entirely inappropriate; the issue is whether FmHA substantially complied with statutory requirements, not whether or how Savoy responded. On that issue, I strenuously disagree with the Court's analysis and result. I note in this regard that the Court does not even bother to analyze the "substantial compliance" question, but goes directly to the "prejudice" question. I submit that even the Loosley language on which the Court relies does not validate such an approach, but clearly requires the "substantial compliance" analysis to precede any "prejudice" analysis; only where substantial compliance has been established--as is not the case here, in my view--can a court proceed to a prejudice analysis. Instead, the court here approaches the case backwards by using a lack of prejudice to itself establish substantial compliance.

Insofar as is relevant here, § 25-13-807, MCA, required FmHA

14

to produce <u>to the person from whom redemption is sought</u> 1) a certified copy of the judgment or of the docket of the judgment; 2) a certified note of the record of the mortgage; and 3) an affidavit showing the amount actually due. The Court concedes that only one of these requirements was met. It then may have concluded, without **so** stating, that meeting one of three applicable statutory requirements constitutes "substantial compliance." In doing so, the Court totally--and inappropriately--vitiates the statutory requirements. I cannot agree.

Moreover, the Court's focus on Savoy's actions or inactions also is inappropriate. It results in this Court telling redemptioners they need not comply with mandatory statutory provisions, in hopes that a party protesting the redemption will not meet <u>judicially</u> created and imposed standards. For example, the Court notes that Savoy's protest did not specify the bases under § 25-13-807, MCA, for the protest. The Court conveniently fails to cite to any authority requiring such a specification of the bases for a protest; in addition, the Court's conclusion that the statutory requirements were <u>not</u> met by FmHA--on the face of it--hardly lends support to the notion that the failure to specify bases for the protest is somehow relevant here.

The Court also dwells on a variety of other omissions by Savoy--none of which is statutorily based--in order to support its resolution of this issue. It suggests that Savoy had some obligation to check property records and telephone around in order to find for himself the information the statute required FmHA to

15

provide to him.  The effect is to shift a clear statutory burden from the redemptioner to the person from whom redemption is sought. In essence, the Court has either totally rewritten § 25-13-807, MCA, or has decided to judicially repeal that statute.  We are not free to do either.  See §§ 1-2-101 and -102, MCA.

For these reasons, and others about which a lengthy recitation of the multitude of defects in the redemption procedures used here would **serve** little purpose other than to give the Court's opinion more precedential effect, I dissent.  I would reverse the District Court.

_____
Justice

Justice James C. Nelson and Justice Terry N. Trieweiler join in the foregoing concurring and dissenting opinion of Justice Karla M. Gray.

_____
Justice

_____
Justice

16

December 13, 1994

CERTIFICATE OF SERVICE

I hereby certify that the folowing ceritied order was sent by United States mail, prepaid, to the following named:


Gary S. Deschenes, Esq.
Deschenes Law Office
P.O. Box 3502
Great Falls, MT 59403-6112


George Darragh, Jr.
Assistant U.S. Attorney
P.O. Box 3447
Great Falls. MT 59403


Nancy Cory
Attorney at Law
P.O. Box 1746
Great Falls, MT 59403


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: *A. Gallagher*
Deputy