MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Plaintiff,

and

Wild Cat Ranch, LLP, Intervenor—Appellant,

v.

Herman O. CARLSON, Florence L. Carlson; Gordon W. Carlson; Kay Lynn Carlson; Leslie J. Carlson; Cynthia Carlson; United States of America, on behalf of Small Business Administration; Green Tree Acceptance, Inc.; Bank of Bridger; Jerome J. Cate, Defendants,

and

Gary Heiken and Steve Heiken, Intervenors—Appellees.

No. 01–35890.

D.C. No. CV–94–00169–JDS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 8, 2002.

Decided Aug. 26, 2002.

Before HAWKINS and GOULD, Circuit Judges, and WARE,* District Judge.

MEMORANDUM**

The district court correctly concluded that there was no genuine issue of material fact precluding summary judgment in this case. Even if it is unclear whether the Small Business Administration ("SBA") cancelled principal indebtedness in the amount of $53,852 or whether the corrected 1099–C (reflecting $0 discharged) controls, uncontroverted affidavits from the SBA indicate there is still an outstanding balance on the loan of over $100,000. There is no contrary evidence, such as surrender or cancellation of the note or a signed writing by the SBA, indicating an

---

* Honorable James Ware, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

intention to discharge the entire debt. *See* Montana Code § 30–3–605(1)(b) & (c). Because there is still a debt owed to the SBA, the Heikens have standing as successors-in-interest to the SBA's redemption rights.

The Heikens also substantially complied with the Montana redemption statute. The Heikens attempted to timely obtain a complete list of repair and maintenance expenditures from Wildcat Ranch, LLP ("Wildcat"), and ultimately delivered the additional money to the sheriff (with interest) four days later. The Montana Supreme Court has indicated that redemption statutes are to be "liberally construed" and that absent some prejudice, "substantial compliance with redemption statutes is sufficient to affect a redemption in connection with a mortgage foreclosure." *Savoy v. Cascade County Sheriff's Dept.*, 268 Mont. 507, 887 P.2d 160, 164 (1994). A four-day delay was not significant, and Wildcat was paid in full for all its expenditures, including interest.

AFFIRMED.