FILED

07/29/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0503

DA 24-0503

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 158

GUARDIAN TAX MT, LLC,

     Plaintiff and Appellee,

    v.

JEANNETTE F. TASEY, and all other persons, unknown, claiming or who might claim any right, title, estate, or interest in or lien or encumbrance upon the real property described in the complaint adverse to Plaintiff's ownership or any cloud upon Plaintiff's title, whether the claim or possible claim is present or contingent,

     Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV-22-0028
Honorable Ashley Harada, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        D. Michael Eakin, 406 Law Eakin, Berry & Grygiel, PLLC, Billings, Montana

    For Appellee:

        Eli J. Patten, David F. Knobel, Crowley Fleck, PLLP, Billings, Montana

Submitted on Briefs:  April 2, 2025

Decided:  July 29, 2025

Filed:

_____
Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Jeannette F. Tasey (Tasey) appeals an order of the Thirteenth Judicial District Court, Yellowstone County, granting summary judgment in favor of Guardian Tax MT, LLC (Guardian Tax). We address the following restated issue on appeal:

> *Whether Tasey substantially complied with the redemption statute when she mailed her payment with the belief that it would arrive before the statutory deadline.*

We reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 This appeal arises from a question of whether Tasey timely redeemed her delinquent tax payments. Tasey's failure to pay property taxes began in 2017. In 2018, she applied for an elderly/disabled tax credit program. She allegedly believed that she did not have to pay property taxes until a decision was made on her application. On August 1, 2018, the Yellowstone County Treasurer issued a tax lien against Tasey's real property, and later that same month, the lien was assigned to Guardian Tax. Over the next three years, both Guardian Tax and the Yellowstone County Treasurer followed all applicable notice procedures.

¶3 The statutory deadline for Tasey to redeem was August 2, 2021. On July 30, 2021, Tasey mailed a personal check for the full amount. The USPS provided an anticipated delivery date of July 31. However, the Treasurer did not apparently receive or process the check until August 3, one day after the expiration of the statutory redemption period. The Treasurer subsequently rejected Tasey's payment and issued a tax deed to Guardian Tax and, in early 2022, Guardian Tax sued to quiet title and declare Tasey a trespasser. The

District Court entered a default judgment. Tasey eventually successfully moved to set aside the default judgment and filed an answer at the end of 2023. In April 2024, Guardian Tax moved for summary judgment. Tasey's response asserted that the Treasurer had received the check on July 31, arguing, without any supporting exhibits or documentation, a "presumption that the mail was delivered in a timely manner when the post office said it would be delivered" and that it was "unlikely that it would take five days to be delivered." The District Court found the assertion to be conclusory and speculative and, finding no genuine issue of material fact, granted summary judgment for Guardian Tax. Tasey appeals.

## STANDARD OF REVIEW

¶4 We review a district court's decision on summary judgment de novo, "examining whether the decision correctly found that there were no genuine issues of fact and that the moving party was entitled to judgment as a matter of law." *Dick Anderson Constr., Inc. v. Monroe Prop. Co.*, 2011 MT 138, ¶ 16, 361 Mont. 30, 255 P.3d 1257; M. R. Civ. P. 56.

## DISCUSSION

¶5 *Whether Tasey substantially complied with the redemption statute when she mailed her payment with the belief that it would arrive before the statutory deadline.*

¶6 Guardian Tax was not entitled to summary judgment as a matter of law because Tasey substantially complied with the relevant redemption statute. This Court has adopted a substantial compliance standard regarding redemption attempts when the redemptioner is threatened with the loss of their real property. Quoting the Utah Supreme Court, we stated:

[R]ules and statutes dealing with redemption are regarded as remedial in character and should be given liberal construction and application to permit a property owner who can pay his debts to do so, and thus make his creditor whole, and save his property. Therefore, if a debtor, acting in good faith, has substantially complied with the procedural requirements of the rule in such a manner that the [creditor] is not injured or adversely affected, and is getting what he is entitled to, the law will not aid in depriving the [debtor] of his property for mere falling short of exact compliance with technicalities.

*Savoy v. Cascade Cnty. Sheriff's Dep't*, 268 Mont. 507, 514, 887 P.2d 160, 164 (1994) (quoting *United States v. Loosley*, 551 P.2d 506, 508 (Utah 1976)). In a similar vein, a redemptioner's duty is that which is in their power—to "bring himself within [the relevant statutory] provisions." *State ex rel. Bell v. McCullough*, 85 Mont. 435, 438, 279 P. 246, 247 (1929).

¶7 Guardian Tax cites to *RN & DB, LLC v. Stewart*, 2015 MT 327, ¶ 22, 381 Mont. 429, 362 P.3d 61, for the proposition that "the statutory procedures for the issuance of a tax deed require strict technical compliance." That case in turn cites to *Showell v. Brosten*, 2008 MT 261, ¶ 14, 345 Mont. 108, 189 P.3d 1210, which stated that "[p]rocedures for *obtaining* a tax deed require strict statutory compliance." (Emphasis added.) *See also Tax Lien Servs. v. Hall*, 277 Mont. 126, 133, 919 P.2d 396, 400 (1996); *Moran v. Robbin*, 261 Mont. 478, 482, 863 P.2d 395, 398 (1993). Each of these cases involved some issue with the notice procedures for issuance of a tax deed; none of these cases involved any good faith effort to redeem the delinquent taxes. In *Moran*, we explained that the compliance bar is exceptionally high for a party seeking to obtain a tax deed, and reasonably so, "because the owner risks losing his or her real property for the failure to pay the property taxes. Often, very valuable property is lost for a mere pittance." *Moran*, 261 Mont. at

4

482-83, 863 P.2d at 398; *see also Rush v. Lewis & Clark Cnty.*, 36 Mont. 566, 569, 93 P. 943, 944 (1908) ("[T]he tax almost always bears a very small proportion to the value of the property sold. . . . [I]t has generally been held that proceedings on tax sales should strictly comply with the statute.").

¶8     This case is unique in that there was an attempt to redeem, thus presenting an entirely separate question from those cases addressing whether strict compliance was achieved by the party seeking to obtain the tax deed. The Dissent's application of these strict technical requirements to the instant case is misplaced, *Dissent*, ¶ 19, as the liberal construction of redemption statutes provided by *Savoy* is the governing standard regarding an attempt to redeem. *Savoy* is significant to resolving the instant proceeding because it stands for the principle that *any* "rule[] and statute[] dealing with redemption are regarded as remedial in character and should . . . permit a property owner to pay his debts to do so, and thus make his creditor whole, and save his property . . .," *Savoy*, 268 Mont. at 514, 887 P.2d at 164 (quotation omitted); thus, *Savoy* is not limited to excusing a multiple document technicality as the Dissent posits. Dissent, ¶ 17. Indeed, we clearly stated in *Savoy* that "the law will not aid in depriving the [debtor] of his property for mere falling short of exact compliance with technicalities." *Savoy*, 268 Mont. at 514, 887 P.2d at 164 (quotation omitted). Thus, the dispositive question is whether Tasey's attempt at payment constituted substantial compliance with the redemption statute.

¶9     The strict legislative deadlines that are placed on the lien holder, which our precedent has recognized and abided by, serve to facilitate the overall legislative scheme

5

and the principles espoused in *Savoy* that favor allowing redemption; that is, because forfeiture of one's property is not favored by the law, a tax lien creditor must strictly comply with all statutory requirements. *Savoy*, 268 Mont. at 514, 887 P.2d at 164. Although our decision is not based on § 15-18-412(b), MCA, because neither party argued nor referenced it, we note this section provides additional support for our interpretation. Section 15-18-412(b), MCA, provides that quiet title proceedings against a delinquent owner "are void if the taxes were not delinquent *or have been paid*." (Emphasis added.) This statute is consistent with our interpretation of the tax deed process and the overall legislative design which favors allowing a property owner who can pay their debts to do so, and thus save their property, while making creditors whole.

¶10    We conclude Tasey substantially complied with the redemption statutes. The postmarked envelope, combined with the payment and the Treasurer's receipt of the payment on or before August 3, is sufficient to prove Tasey's substantial compliance.[1] The USPS's expected delivery date of July 31 gave her reason to believe that her payment would arrive well ahead of the deadline, thus, satisfying *Savoy*'s requirement that Tasey acted in "good faith" in her effort to bring herself within the statutory provisions. *Savoy*, 268 Mont. at 514, 887 P.2d at 164. Furthermore, there is no prejudice to any other

---

[1] In addition to Tasey's payment allegedly arriving at the Treasurer's Office after the statutory deadline, Tasey also attempted to pay via personal check. The Treasurer's Office had previously advised her that they would only accept payment by cash or cashier's check. While there was some discussion of this issue at the District Court, neither party advances arguments on appeal about whether the form of payment would constitute grounds for rejection even if it had been timely made. In any event, in the absence of any statute providing for a specific form of payment, Tasey's personal check form of payment is substantially compliant with the redemption statutes.

interested party—either Guardian Tax or the Treasurer's Office—because the tax deed proceedings had not yet begun by the time Tasey's payment arrived.

¶11 Given the incredible loss to Tasey of depriving her of her home, and the clear evidence of her good faith effort to meet the statutory deadline, we hold that Tasey's payment was substantially compliant with the relevant statute.

## CONCLUSION

¶12 Reversed and remanded for further proceedings consistent with this Opinion.


/S/ LAURIE McKINNON

We Concur:

/S/ KATHERINE M BIDEGARAY
/S/ INGRID GUSTAFSON
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA


Justice Jim Rice, dissenting.

¶13 I agree with the Court's distinguishing of the precedent requiring "strict technical compliance" with the statutory procedure to obtain a tax deed, because the issue here is an attempted redemption by the owner. Opinion, ¶ 7. However, that does not resolve the case, because even without this statutory interpretation aid, Tasey must still demonstrate that Guardian Tax is not entitled to judgment as a matter of law, but she has failed to do so. Further, the "substantial compliance" rule employed by the Court cannot apply to a legislatively enacted redemption deadline, where the expiration of the deadline triggers subsequent actions within the statutory framework and timeline. The Court fails to

7

consider the governing statutes, but, upon review, it is clear that either the redemptioner timely complies with the deadline, or does not. There is no "wiggle room" or middle ground.

¶14 Summary judgment is appropriate only where no genuine dispute of material fact exists and the moving party is entitled to judgment as a matter of law. *Dick Anderson Constr., Inc.*, ¶ 16. "This determination is based on viewing facts that would be admissible in evidence in the light most favorable to the non-moving party." *McClue v. Safeco Ins. Co.*, 2015 MT 222, ¶ 8, 380 Mont. 204, 354 P.3d 604 (internal citations and quotations omitted). Once the moving party establishes the absence of any genuine issue of material fact, the responsive burden shifts to the opposing party, who must "in proper form, and by more than mere denial, speculation, or pleading allegation, 'set out specific facts' showing the existence of a genuine issue of material fact." *Lawrence v. Pasha*, 2023 MT 150, ¶ 9, 413 Mont. 149, 533 P.3d 1029 (quoting M. R. Civ. P. 56(e)(2)). "The opposing party's 'proffered evidence must be material and of a substantial nature, not fanciful, frivolous, gauzy or merely suspicious.'" *Lawrence*, ¶ 9 (quoting *Est. of Willson v. Addison*, 2011 MT 179, ¶ 14, 361 Mont. 269, 258 P.3d 410).

¶15 Tasey attempted to redeem her property from the tax lien by mailing a personal check to the County Treasurer on Friday at 4:34 p.m., before the Monday, August 2, 2021, redemption deadline. According to an affidavit from the County Treasurer's Tax Supervisor, her payment did not arrive until a day after the expiration of the statutory deadline. Guardian Tax moved for summary judgment based upon, as the Court acknowledges, the fact that both Guardian Tax and the County had properly "followed all

8

applicable notice procedures," Opinion, ¶ 2, and that Tasey had failed to effectuate timely delivery of the redemption payment. In response, Tasey offered no physical documentation or evidence, only arguing in her two-page brief that the post office "indicated the anticipated delivery date was July 31, 2021" and that she was entitled to a presumption of timely delivery because it was "unlikely that it would take five days to be delivered." Tasey could not offer any observation about the payment's arrival, because she had not delivered the payment personally. The Court reasons that the post office stamp gave Tasey a "reason to believe that her payment would arrive well ahead of the deadline," Opinion, ¶ 10, but while she may have believed that, a postmarked envelope with an "anticipated delivery date" is not a prima facie showing of the date the letter was actually received by the Treasurer's office, and is insufficient by itself to defeat Guardian Tax's proof of untimeliness or demonstrate the District Court erred by entering summary judgment. Tasey's evidence needed to be "'material and of a substantial nature, not fanciful, frivolous, gauzy or merely suspicious.'" *Lawrence*, ¶ 9 (quoting *Est. of Willson*, ¶ 14). As the District Court noted, even when viewed in Tasey's favor, "no evidence . . . other than impermissible hearsay or merely speculative or conclusory statements" refuted the Tax Supervisor's accounting of the actual receipt of payment on August 3, 2021.[1]

---

[1] On appeal, Tasey cites to statements she offered in the District Court after the summary judgment hearing had been held and matter deemed submitted, and Guardian Tax objects that it had no opportunity to respond to this submission before the District Court. As we have held, "[a] court 'need not consider untimely filed documents in proceedings for summary judgment.'" *Amour v. Collection Prof'ls, Inc.*, 2015 MT 150, ¶ 19, 379 Mont. 344, 350 P.3d 71 (citing *Wright v. State*, 231 Mont. 324, 327, 752 P.2d 748, 750 (1988)).

¶16 The Court reasons that Tasey's summary judgment offering was enough to demonstrate "substantial compliance" with the statute, citing *Savoy*, and concludes therefrom that "Tasey substantially complied with the relevant redemption statute." Opinion, ¶ 6. However, in my view, *Savoy* cannot control here, which is demonstrated from a careful analysis of the tax deed process statutes.

¶17 As the Court quotes, *Savoy* held in 1994 that, if a debtor "substantially complied with the procedural requirements . . . the law will not aid in depriving the [debtor] of his property for merely falling short of exact compliance with technicalities." *Savoy*, 268 Mont. at 514, 887 P.2d at 164. *Savoy* had nothing to do with timely payment, as the payment for redemption in that case, including interest, was received six days prior to the expiration of the redemption period. *Savoy*, 268 Mont. at 509, 887 P.2d at 161-62. Rather, *Savoy* concerned whether a debtor had successfully redeemed the property when it provided just one of the three documents statutorily required for giving notice to the lender of redemption. *Savoy*, 268 Mont. at 514, 887 P.2d at 164-65. In excusing the multiple document "technicality," the Court concluded that the lender had been given ample notice of the redemption by the singular document, and thus the debtor had "substantially complied" with the statute's notice provision. *Savoy*, 268 Mont. at 514-15, 887 P.2d at 165.

¶18 However, we are not dealing here with a "one versus three document" notice issue, but rather a strict deadline that, by legislative design, is placed within the tax deed process, which is no mere "technicality." First, § 15-18-111(1), MCA, provides: "redemption of a property tax lien may be made by the owner, the holder of an unrecorded or improperly

10

recorded interest, the occupant of the property, or any interested party *by the first working day in August, 3 years after attachment of the tax lien*." (Emphasis added.) In this case, that date was Monday, August 2, 2021. Then, "[b]etween May 1 and May 30 of the year in which the redemption period expires," notice must be given to the property owner with a tax lien that a tax deed may issue "unless the property tax lien is redeemed *prior to the expiration date of the redemption period*." Section 15-18-212(1)(a), (b), MCA (emphasis added). The notice itself must advise the property owner that:

> If all taxes, penalties, interest and costs are not paid to the COUNTY TREASURER on or prior to [date], which is the date the redemption period expires, a tax deed may be issued to the assignee or county that is the possessor of the tax lien *on the day following the date that the redemption period expires*.

Section 15-18-215, MCA (emphasis added). Thus, if redemption does not occur by the expiration of the redemption period, the statute authorizes issuance of the tax deed for the property *the very next day*. Indeed, subsection 211 makes this action mandatory, providing that, "if the property tax lien is not redeemed in the time allowed under 15-18-111, the county treasurer *shall grant* the assignee a tax deed for the property." Section 15-18-211(1), MCA (emphasis added). Tasey was given this exact notice, advising her that a failure to pay the redemption amount by August 2, 2021, could result in a tax deed being issued "the day following" the deadline. This case proceeded in that manner. Upon the County Treasurer's determination on August 3, 2021, that Tasey's payment was

11

untimely, Guardian Tax deposited the necessary costs for issuance of the tax deed, which was then recorded on August 5, 2021.[2]

¶19    "The right to redeem is wholly statutory, and such statutes are liberally construed; yet the person seeking to redeem must bring himself within their provisions." *State ex rel Bell v. McCullouch*, 85 Mont. 435, 438, 279 P. 246, 247 (1929). We noted under a prior redemption scheme that, "[i]f not exercised in the manner and *within the time* provided by statute the right becomes lost." *Beckman Bros., Inc. v. Weir*, 120 Mont. 305, 307, 184 P.2d 347, 349 (1947) (emphasis in original). Timely payment is the central component of redemption, because it is the act upon which the entire statutory concept is based. *See* 55 Am. Jur. 2d *Mortgages* § 764 (1971 & Supp. 2025) ("the party seeking to redeem . . . can do so *only by making the offer within the time prescribed by the statute*") (emphasis added). That is how the redemption process must work, especially under the current statutory framework, which uses the deadline to trigger subsequent action. There cannot be "substantial compliance" with a date that is specifically legislatively designated; it is either met or it is not. Courts cannot insert additional days into an explicit statutory process. The Court's decision to do so here fails to enforce the statute as written and instead injects into the tax deed process a subjective assessment of the sufficiency of efforts made by a debtor who failed to meet the statutory deadline.

---

[2] Current statute provides that, for certain kinds of residential property, upon expiration of the redemption period, "a tax deed auction will be held within 60 days" of the request for issuance of a tax deed. Section 15-18-215(1), -219(1)(b), MCA (2023). This further illustrates how the redemption expiration date is part of a sequential process.

¶20    I would affirm.


/S/ JIM RICE


Chief Justice Cory J. Swanson joins in the dissenting Opinion of Justice Jim Rice.


/S/ CORY J. SWANSON